SARAH E. MUNSELL ET AL., APPELLANTS, V. CITY OF HEBRON, APPELLEE.
SHELDON S. ROUSE, APPELLANT, V. CITY OF HEBRON, APPPELLEE.

FILED JUNE 22, 1928. Nos. 25600, 25601.

*Richards & Richards,* for appellants.

*Walter C. Weiss, Harvey W. Hess* and *Peter I. Harrison,* contra.

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

DEAN, J.

Hebron, in Thayer county, has a population of a little over 1,500 inhabitants. Zeriah B. Munsell and Sarah E. Munsell, husband and wife, and Sheldon S. Rouse, hereinafter called plaintiffs, own certain city real estate situate in paving district No. 1 in Hebron. The Munsell real estate was taxed and assessed, under a special paving assessment, for $3,180.72, by the Hebron city council for cer-

tain city street paving improvements adjacent to the Munsell property, and the Rouse property was likewise taxed and assessed in the sum of $2,115.41, for like paving improvements adjacent to his property. On appeal to the district court the special assessments were affirmed and judgment was rendered pursuant thereto. The plaintiffs, alleging error, have brought the record here for review.

The Munsells have no interest in the Rouse property, nor has Rouse any interest in the Munsell property. On submission of the record to this court all plaintiffs joined in a single brief. The defendant city's brief relates to both the Munsell and the Rouse property under a stipulation which provides that both actions "may be briefed and submitted together and treated in all respects as one appeal."

The plaintiffs contend that the above several assessments are excessive under the facts and the law. The Munsells and Rouse each filed separate petitions in the district court, but the petitions so filed, in substance and effect, are practically identical, except as to the names of the plaintiffs, the descriptions of their respective properties, and the amount of the respective assessments, and the like.

The Munsell property consists of about 13 acres, which is divided into two separate tracts, one of which is owned by Mrs. Munsell and the other by her husband. The only improvements on the land are the house, barn, and outbuildings. The Munsell tract, however, is connected with the Hebron sewerage system. The Rouse property is not so connected. But all of the properties involved in this suit are on the outskirts of the town and it appears that none of the land involved herein is plotted nor is it divided into lots. Plaintiffs Munsell insist that their land is not suited for residential purposes in part on account of a draw thereon which would require grading and filling. All plaintiffs take exceptions to the paving assessment, and this in large part on account of the remote location of their land from the central or main part of the business section of Hebron.

The Rouse property has a paving frontage of about 417 feet and consists of about four acres. This property is lo-

cated opposite the Munsell property. A house and barn and other outbuildings are on the Rouse property. The evidence tends to prove that it would be practicable to locate another residence on the Rouse tract. But the Munsells and Rouse all contend that there is now no demand for any of the land of the parties plaintiff for residential or business purposes. An engineer employed by the city testified in part: "Q. Do you figure that the benefit in any case could be less than the cost of paving? A. No. Q. And the proposed assessment as you have prepared it for the city council is based purely and simply on the cost of the paving in front of each piece of property? A. Yes." The defendant city however in its brief observes that "it is clear that the engineer simply acted as a * * * technical expert for the city council in preparing this tentative schedule."

In support of their argument the Munsells and Rouse cite section 6, art. VIII, of the Constitution of Nebraska. This section, so far as applicable to the facts, follows:

"The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property benefited."

Clearly the council did not follow certain of the provisions of section 4286, Comp. St. 1922, which, among others, contains the following recitals in respect of municipal assessments:

"First. Such assessment shall be made by the council or board of trustees at a special meeting, by a resolution fixing the valuation of such lot assessed, taking into account the benefits derived or injuries sustained in consequence of such contemplated improvements, and the amount charged against the same, which, with the vote thereon by yeas and nays, shall be spread at length upon the minutes."

The plaintiffs produced five or more witnesses, and their evidence supports the plaintiffs' contention that none of the tracts involved herein are plotted nor divided into lots;

and that both tracts, owing in large part to their location on the outskirts of the town, are not available, under present conditions, for the erection of town residences thereon, but are suitable mostly for truck farming, poultry raising, and the like. The witnesses produced by plaintiffs testified in substance that the Munsell property was worth from $6,500 to $7,500 before the paving was constructed and that the value was enhanced by the paving $500 to $1,000 or thereabouts. And in respect of the Rouse property the evidence fairly discloses that it was worth from $7,000 to $8,000 before the paving and that the paving enhanced its value in an amount not to exceed from $500 to $1,000. From the record it appears to be fairly established that the plaintiffs come within the meaning of section 4286, above cited, and the decisions. The plaintiff Rouse was called as a witness by the defendant city and aside from him the city produced no witnesses.

The facts herein are not new in this jurisdiction. In a recent case we said that, where a party attacks a paving assessment as void in a city of the second class having a population under 5,000, the burden is on him to prove the invalidity of the assessment. *Whitla v. Connor,* 114 Neb. 526. In 1878 Omaha constructed a sewer in the channel of an adjacent creek at a cost exceeding $30,000 and imposed a special assessment on all the real estate in the sewer district for its payment. The district court affirmed the proceedings, but on appeal to this court, in a well-considered opinion by Maxwell, C. J., the judgment was reversed on the ground that special assessments could only be levied upon adjacent property specially benefited, and only to the extent of the benefits. *Hanscom v. City of Omaha,* 11 Neb. 37. And we have held that "special assessments for improvements," under section 4286, Comp. St. 1922, cannot be enjoined for lack of jurisdiction on the ground of mere technical irregularities in the manner of making the levy. *Biggerstaff v. City of Broken Bow,* 112 Neb. 4.

"Where a city council, acting within its jurisdiction and exercising properly delegated power, assesses property for

the benefits of paving, mere irregularities in the proceedings do not necessarily invalidate the assessments." *City of Superior v. Simpson*, 114 Neb. 698. See *Broghamer v. City of Chadron*, 107 Neb. 532.

"The act of a city in ordering the paving of a street and the assessment of the cost on abutting property is a legislative determination (a) that the improvement is expedient and proper and (b) that the abutting property will be benefited. Courts do not review legislative acts performed in a regular and statutory way. It follows that the cry of over-assessment will be entertained by the court,— not a denial of any assessment. * * * Benefits capable of instant demonstration and mathematical accuracy are not necessary in order to support an assessment." *Chicago, R. I. & P. R. Co. v. City of Centerville*, 172 Ia. 444.

In *Schneider v. Plum*, 86 Neb. 129, at page 131, in an opinion by Root, J., this is said: "The vital principle underlying special assessments is that the value of the property taxed has been increased in a sum at least equal to the assessment levied. To levy a tax without a corresponding increase in value is to take private property for public use."

The assessment of taxes by a municipality upon privately owned property for the public benefit, without payment for such assessment, in excess of the benefits to the owner of the property assessed, is a usurpation of power. In other words, the owner of property in a municipality cannot lawfully be assessed for a public improvement thereon or adjacent thereto beyond the amount of the present benefit or such reasonably prospective benefit as such owner may derive from the improvement in question. From the evidence in the present case, in respect of benefits, and the law applicable thereto, it appears to us that the levy of the assessment and the action of the city council complained of, in respect of such excess only, is an arbitrary exercise of municipal power.

From the meager testimony introduced in respect of the benefits we are of the opinion that a fair estimate of the

benefits to each tract does not exceed the sum of $1,000 and that the respective assessments should be reduced accordingly. The judgment of the district court is therefore reversed and the cause is remanded, with directions that the assessments be made pursuant to the views above expressed.

REVERSED.