ELMER J. NEVILLE, APPELLEE, V. CITY OF OMAHA,
APPELLANT.

JOSEPHINE PLATNER, APPELLEE, V. CITY OF OMAHA,
APPELLANT.

GEORGE T. MORTON, APPELLEE, V. CITY OF OMAHA,
APPELLANT.

N. P. DODGE COMPANY, APPELLEE, V. CITY OF OMAHA,
APPELLANT.

ALFRED D. FOSTER ET AL., APPELLEES, V. CITY OF OMAHA,
APPELLANT.

ELMER J. NEVILLE ET AL., APPELLEES, V. CITY OF OMAHA,
APPELLANT.

MYRON L. LEARNED ET AL., APPELLEES, V. CITY OF OMAHA,
APPELLANT.

FILED APRIL 3, 1930.    NOS. 27283, 27284, 27285, 27286, 27287,
27288, 27289.

*John F. Moriarty, T. J. O'Brien* and *B. J. Boyle*, for appellant.

*Rose, Wells, Martin & Lane, Crofoot, Fraser, Connolly & Stryker, William Baird & Sons, Kennedy, Loomis & Offutt, W. H. Herdman,* and *Johnson, Moorhead & Rine, contra.*

HEARD before GOSS, C. J., DEAN, GOOD, EBERLY and DAY, JJ., and MESSMORE, District Judge.

GOOD, J.

In each of the above entitled causes there is involved the question as to whether certain special assessments, made by the proper authorities of the city of Omaha for a public

improvement, exceed the special benefits conferred upon the properties of plaintiffs by reason of such improvement.

The city of Omaha caused Twentieth street, between Dodge street, on the north, and Leavenworth street, on the south, to be widened, and the cost of such improvement was nearly $800,000. Assessments for special benefits conferred were levied against the properties of plaintiffs and others either abutting upon or in close proximity to the widened part of the street. From the assessments so made the plaintiffs appealed to the district court, where the cases were tried together upon one record. In cases numbered 27283, 27284, 27286, 27287, 27288, and 27289, the trial court found that the special assessments exceeded the special benefits conferred, and canceled the assessments to the extent that they were found to be excessive. In case No. 27285, which involves several different parcels of land, the trial court found that, as to some of them, the special benefits equaled the amount of the special assessments, and, as to these parcels, the assessments were upheld. As to two tracts, the court found that no special benefits were conferred by the improvement, and, as to these, the special assessments were canceled in their entirety. As to the other tracts or parcels in that case, the trial court found that the assessments levied exceeded the special benefits conferred by the improvement, and canceled the assessments to the extent that they were found to be excessive. From the decree entered in each of the cases, the city of Omaha has appealed to this court, and the causes were here argued and submitted together.

Counsel for defendant city contend that the assessment in each case made by the city was not in excess of the special benefits conferred on the plaintiffs' properties by reason of the public improvement, and that the findings and judgment of the trial court are not sustained by the evidence.

Both parties concede the rule of law to be that special assessments on real estate for a public improvement cannot exceed the special benefits conferred by the improvement.

The questions for determination are, therefore, merely questions of fact. The evidence is in irreconcilable conflict as to the special benefits conferred by the improvement in each instance. That on behalf of the city, standing alone, tends to support the city's contention that the benefits conferred by the improvement are equal to or in excess of the amount of the assessment in each instance made; while the evidence on behalf of each plaintiff tends very strongly to show that in some instances no special benefit whatever was conferred by the improvement, and that in all other cases the special assessments were very greatly in excess of any special benefits accruing by reason of the public improvement.

The improvement consisted in taking a strip of land, 20 feet wide, on one side of the street for a number of blocks and a strip, 40 feet wide, on the other side for several blocks, and, as above noted, the total cost of the improvement was nearly $800,000. The amount assessed back against the real estate in the vicinity of the improvement, for special benefits, exceeded $700,000. Each of the parties called expert witnesses to testify as to the value of the respective properties of the plaintiffs before and after the improvement and as to the amount of benefits which were conferred on the respective tracts by reason of the public improvement. Each witness gave his reasons for his opinion. In addition, there was evidence by the plaintiffs tending to show that after the construction of the improvement rental values of the properties of the plaintiffs, which either abutted upon or were in close proximity to Twentieth street, had not increased, but in most instances had decreased. It was also shown that there had been a number of sales of real estate which had been assessed for special benefits, and that the actual sales were for less amounts than the conceded values before the improvement. It should be stated that the trial in the district court was about two and one-half years after the public improvement was determined upon and some time after it had been completely finished.

The record is voluminous. We have examined it with

considerable care, and we might apply, and rest the decision in this case upon, the rule often announced by this court, that in a trial *de novo* of a suit in equity on appeal this court, in reaching an independent conclusion, without reference to the conclusion reached by the district court, as required by the statute, is not precluded from giving some weight to the findings of the trial court when the evidence is conflicting and in serious doubt. We do not find it necessary, however, to invoke this rule, to aid the court in disposing of these appeals.

From an examination of the record, including the exhibits and the oral testimony, we are convinced that each finding of the trial court is fully and amply sustained by the evidence. We are satisfied that no special benefits accrued to the properties where the special assessments were entirely canceled, and we are fully satisfied that the special benefits, accruing to the properties by reason of the public improvement, in none of the cases exceed, if, indeed, they equal, the amounts to which the assessments were approved by the trial court. We are convinced that the evidence required the cancelation of the special assessments to the extent that it was done by the decrees in the several appeals.

No error prejudicial to the appellant is disclosed in any of the appeals. The judgment of the district court in each of the above cases is, therefore,

AFFIRMED.