PETER BITTER ET AL., APPELLANTS, V. CITY OF LINCOLN, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

85 N. W. 2d 302

Filed October 4, 1957. No. 34195.

(201)

*Max Kier,* for appellants.

*Jack M. Pace* and *Norma VerMaas,* for appellee.

*George H. Brasier,* pro se, amicus curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The city of Lincoln, a city of the primary class with a home rule charter, created an alley paving district consisting of the part of the east-and-west alley north of and adjacent to Lot 15 in Block 1, Cahn, Metcalf, and Farwell's Subdivision between the east curb line of Twelfth Street and the east line of Eva Place extended south and including Lots 1, 2, and 3 in Block 18, Riverside Addition, and the west 210 feet of Lot 15, Block 1, Cahn, Metcalf, and Farwell's Subdivision in said city. The work contemplated to be and which was accomplished in the district was the grading, curbing, guttering, and paving of a 16-foot roadway in the alley.

The north 45 feet of Lot 1, Block 18, Riverside Addition, was owned by John Koehler, subject to an executory contract for the sale of the west half thereof. The south 5 feet of Lot 1 and the north half of Lot 2 in said

Block 18, adjoining and south of the John Koehler property, was owned by Peter Bitter and Amalia Bitter. Between that property and the north line of the alley which was paved was the south half of Lot 2 and all of Lot 3 in Block 18 of Riverside Addition.

Appellants filed with the city objections to any special assessments against the property within the district on account of the construction made in the alley. A hearing was held by the city council. The objections were overruled. Assessment was made against the real estate in the district benefited on account of the cost of the paving and thereafter the board of equalization of the city equalized the assessment and distributed the tax upon the several tracts of property within the paving district. A petition in error was filed by appellants in the district court to test the validity of the special assessments made on their real estate by the city of Lincoln on account of the paving of the alley. The district court heard the matters presented by the petition in error, concluded that there was no error in the proceedings had by the city council, and dismissed the petition in error. This appeal is from the action of the district court dismissing the error proceedings and denying a new trial.

Appellants challenge the legality of the special assessments made on their real estate by the assertion that it is an established principle that a blanket formula for the imposition of special assessments upon an area, zone, or frontage basis is illegal and cannot be sustained without a previous finding by the municipal authorities that the property within the area or zone is equally and uniformly benefited.

An engineer of the city, who was familiar with matters concerning the district and who had performed the engineering work in reference to the improvement made, supervised the computation of proposed assessments on account of the cost thereof. A report of proposed assessments was prepared and submitted to the city council

by him. The cost of the paving was divided over all the property in the district. The property was divided into six zones with a decrease of percentage of the cost assigned to each of the zones as the distance increased away from the improvement. The zone nearest the improvement was assigned $33\frac{1}{3}$ percent of the total amount assessed, the second zone 20 percent, the third zone $16\frac{2}{3}$ percent, and the last three zones 10 percent each. This is the formula used by engineers generally and used by the city of Lincoln in distributing the benefits to property from an improvement made in such a district as the one concerned in this case. The engineer knew the facts important to the matter. He knew that the amount assessed to any property should not exceed the benefit accruing to the property by virtue of the improvement made in the district. He acted to comply with that limitation. It was his judgment that the assessments proposed by him and set out in his report against any tract of the property did not exceed the benefit to the property by reason of the improvement made. The resolution of the city council assessing the cost of the improvement on the property in the district contains the following: "That the cost of the improvements in Alley Paving District No. 252 * * * be and the same is hereby assessed upon the property in said district described in the proposed distribution of Assessment attached to this resolution * * *; that each piece and parcel of property described is specially benefited in the amount set forth therein, and no property is taxed more than the special benefits accruing thereto by reason of said improvements; * * *."

The resolution of the board of equalization recites in part: "* * * that said Board of Equalization, after reviewing said assessments and after hearing evidence with respect thereto found and determined that each separate piece of property in said district was specially benefited on account of said alley paving to the extent and in the amount of the assessment therefor so made

by the Council * * *; that said assessment and schedule so made by the Council were approved and adopted by the Board of Equalization as the equalized assessments in said district; * * *." An appropriate report of the conclusions and actions of the board of equalization was made to and it was approved and adopted by the city council.

Appellants confidently rely, to sustain their contention that the special assessments made on their property are illegal because appellee did not find that the benefits were equal and uniform, upon Morse v. City of Omaha, 67 Neb. 426, 93 N. W. 734. Appellants have misconceived the purport of that decision. The opinion in that case shows that all the property in the improvement district involved in that case was assessed a uniform rate per front-foot. There was nothing to show any finding by the city that the benefits accruing to the abutting property were equal and uniform throughout the district. The statute applicable in that instance, referred to in the opinion, contained a provision that "in cases where the council sitting as a board of equalization, shall find such benefits to be equal and uniform, such assessment may be according to the foot-frontage." The opinion contains the following: "That property shall be assessed according to the benefits specially accruing is mandatory. * * * But absolute accuracy, of course, can not be expected, and the determination of the extent of the benefits must therefore be left to some tribunal, and the statute plainly says that it shall be lodged in the council sitting as a board of equalization, after due notice to the owners. * * * There is no reason for holding that the finding contemplated by the statute as the basis for an assessment according to the foot-frontage shall be in the exact language of the statute. We are certain that the council, in the ordinance referred to, after due notice, specifically found as a fact that the property abutting on the district was specially benefited to the full amount assessed against each

tract of land. It is certain that the question of the extent of the benefits was determined by the board after deliberation and a hearing. * * * It seems that the statute in this regard has, in the case at bar, been fully complied with, and the finding of the trial court upon this point can not be sustained under the record." A headnote of that case states: "Where it affirmatively appears of record that the council in levying the special assessment took into consideration the question of the extent of the benefits, and, preliminary to the levy, formally and specifically found that each parcel of land is specially benefited to an amount equal to the tax assessed against it, it is immaterial that each parcel has been assessed an equal amount per front foot, as a finding that the benefits are equal and uniform need not be in the exact language of the statute."

The determination in that case is that a finding that each parcel of land is specifically benefited in an amount equal to the tax assessed against it is tantamount to a finding that the benefits are equal and uniform throughout the district. The finding in the present case was that each piece or parcel of property described is specially benefited in the amount of the assessment thereon and "no property is taxed more than the special benefits accruing thereto by reason of said improvements." A method for ascertaining benefits to property resulting from a public improvement is not contained in any legislation applicable to cities of the class of Lincoln.

In Murphy v. Metropolitan Utilities Dist., 126 Neb. 663, 255 N. W. 20, it is stated: "A finding by a board of equalization, levying special assessments, that the lands are specially benefited to the full amount of the assessment is tantamount to a finding that such benefits are equal and uniform, warranting the adoption of the foot front rule."

It is argued by appellants that the municipal authorities proceeded from the erroneous belief that the

whole cost of the improvement should necessarily be recovered from the property in the improvement district; that because of this they adopted a formula of distribution of costs by dividing the depth of the property into zones and assigning a decreasing percentage of the cost to each zone as the distance increased away from the improvement; and that the property of the appellants was accordingly assessed a percentage of the whole cost in conformance with the zone in which the particular tract of real estate was located without regard to the benefits which accrued from the improvement. The error of this method of procedure is, appellants say, obvious and fatal.

The record does not sustain this argument. On the contrary, it exhibits a study, consideration, and deliberation by the persons and bodies acting for the city to ascertain and evaluate the benefits to the property resulting from the improvement of the alley. The record of the city recites that only benefits were assessed and that the amount thereof in each instance was at least equal to the amount of the assessment. The fact that a zone system was adopted and used and that the total amount of the assessments was equal to the cost of the improvement does not establish that benefits were not considered and determined or that the assessments were illegal.

In Chicago & N. W. Ry. Co. v. City of Albion, 109 Neb. 739, 192 N. W. 233, it is said: "Unless there are circumstances which show that the special benefits found by a board of equalization to have accrued to certain property abutting upon a street which has been paved are excessive and unreasonable in amount, all things being considered, a finding by the board which is based upon the idea that the paving has added to the value of the lots a sum equal to the proportionate cost of the improvement is not so unreasonable as to justify setting aside the assessment for that reason alone." In the opinion it is said: "The city engineer

testified that he computed the schedule of assessment according to a zoning system with six zones, so as to provide enough money to pay for the improvement. It is not contended by the appellant that the assessment was not properly made if such a basis of assessment is justifiable. That special assessments can only be based upon special benefits to the property assessed, and that such an assessment beyond the special benefits conferred would be a taking of private property for public use without just compensation, as appellant urges, is settled law in this state. * * * Of course, without a finding of benefits the assessment was unauthorized. But, in the case at bar, the board specifically found the benefits. It is true that the special benefits to all the property in the district has been found to equal the cost of the paving, but this fact alone is not sufficient to avoid the assessment. The benefits derived, under like conditions, from the paving of a street are usually under a zoning system, in proportion to the frontage and area of the lot assessed, and so with respect to the cost of paving. * * * There seems to be little use for the valuation required by the statute (applicable in that case) unless it means that the board shall ascertain the value of the property before and its value after the improvement, and assess the difference as the special benefit. But the statute does not so require in direct terms and any method of reaching a substantially just appraisement of the special benefits may be supported."

The basis and justification for a special assessment are benefits to the property affected. An assessment may not be arbitrary, capricious, or unreasonable but the law does not require that a special assessment correspond exactly to the benefits received. Precise accuracy is not required and the determination of the extent of benefits must be committed to some tribunal. Legislation has delegated it to the city council in its capacity as a board of equalization after notice to the property owner. Benefits capable of easy demonstration

and mathematical exactness are not necessary to support an assessment. The most any officer or any tribunal can do in this regard is to estimate the benefits to each tract of real estate upon as uniform a plan as may be in the light afforded by available information. Morse v. City of Omaha, *supra;* Chicago & N. W. Ry. Co. v. City of Omaha, 154 Neb. 442, 48 N. W. 2d 409; Petersen v. Thurston, 161 Neb. 758, 74 N. W. 2d 528.

The special assessments concerned in this litigation have support of the presumption that the municipal authorities exercised the power given them; that they performed the duties imposed upon them by law; and that the amount of the special assessments were arrived at with reference only to the benefits which accrued to the properties affected. In Medland v. Linton, 60 Neb. 249, 82 N. W. 866, the court said: "In making special assessments for benefits received it is presumed that the authorities arrived at the amounts thereof with reference alone to the benefits accruing to the property assessed, and that the owners are required to contribute to the cost of the improvement only in proportion as their property is specially benefited thereby." See, also, Chicago & N. W. Ry. Co. v. City of Omaha, *supra.*

Likewise, validity of the assessments is aided by the presumption of law that all real estate is benefited to some degree from the improvement of a street or alley on which it abuts or from a like improvement made in a district of which the property assessed is a part. Whitla v. Connor, 114 Neb. 526, 208 N. W. 670; Chicago & N. W. Ry. Co. v. City of Omaha, *supra.*

A property owner who attacks a special assessment as void has the burden of establishing its invalidity. Munsell v. City of Hebron, 117 Neb. 251, 220 N. W. 289; Chicago & N. W. Ry. Co. v. City of Omaha, *supra;* LeDioyt v. County of Keith, 161 Neb. 615, 74 N. W. 2d 455.

There was evidence before the city council of bene-

fits to the real estate within the alley paving district resulting from the improvement of the alley. The engineer who did the engineering work incident to the improvement and who was fully advised of all matters concerning it and of the entire situation furnished the city council, under oath, a statement of his judgment of the benefits which accrued to the property within the district from the paving constructed therein. He was also a witness at the hearing before the city council after objections had been filed by appellants protesting the proposed assessment of their property and before the assessment was made or the board of equalization had acted, and he at that time testified that none of the assessments proposed to be made against the several parcels of property in the district exceeded the benefits to the property.

There was evidence that the paving of the alley provided a means of facilitating traffic through it at all times in all kinds of weather and under all conditions; that it very materially improved an unsatisfactory drainage problem because the vicinity was quite level and the drainage was poor; that there frequently had been water pools in the alley that did not drain and the paving remedied that situation; and that there was a bad dust situation in dry periods when dust from the alley was an annoyance to the homes in the district, complaint had been made to the city concerning it, and that the dust from the alley was eliminated by the improvement. The evidence of appellants offered on this issue consisted of statements of conclusions that the property assessed was not benefited by the paving.

The record shows that the owners of a majority of the front footage of the property in the district petitioned and requested the city council to pave the alley and to assess the cost thereof to the respective properties.

In error proceedings the findings and conclusions of the board of equalization, which acts judicially, have the weight and conclusiveness of the verdict of a jury.

Dodge County v. Acom, 72 Neb. 71, 100 N. W. 136; Hoesly v. Department of Roads & Irrigation, 143 Neb. 387, 9 N. W. 2d 523.

Appellants have not established that the special assessments contested herein were made by the municipal authorities without evidential integrity or that the assessments resulted from the adoption of any inapplicable principles of law.

The judgment of the district court should be and it is affirmed.

AFFIRMED.