WARREN R. WIBORG ET AL., APPELLANTS, V. CITY OF
NORFOLK, NEBRASKA, A MUNICIPAL CORPORATION,
ET AL., APPELLEES.

127 N. W. 2d 499

Filed April 10, 1964.   No. 35627.

Bernard A. Ptak, for appellants.

Jewell & Otte, for appellees.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER,
SPENCER, BOSLAUGH, and BROWER, JJ.

SPENCER, J.

This is an action to enjoin the collection of a special
assessment levied by the City of Norfolk upon real estate
owned by Warren R. Wiborg and Alice E. Wiborg, plain-
tiffs and appellants, hereinafter referred to as plain-
tiffs. The defendants and appellees are the City of Nor-
folk, Nebraska, and Alvin S. Ahlman, the clerk and

treasurer of the City of Norfolk. The defendants and appellees will hereinafter be referred to where necessary as city and treasurer respectively.

The city and treasurer filed general demurrers to the petition of the plaintiffs. The demurrers were sustained. Plaintiffs elected to stand on their petition, which was thereupon dismissed. Plaintiffs have perfected an appeal to this court.

Plaintiffs' petition, insofar as need be considered in this appeal, alleged their ownership of Lots 44 and 45 of Town and Country Addition to Norfolk, Madison County, Nebraska, on which they built a home into which they moved in February 1957. At that time Town and Country Addition was not a part of the City of Norfolk. Plaintiffs faced their home on a county road bordering their lots on the south, and connected it to a city water main which ran east and west under said road. They have been served with water from that source continuously since that time. On or about January 11, 1960, Town and Country Addition was annexed to the City of Norfolk. In that year, the city created water district No. 13 in Town and Country Addition. This district runs along the street to the back and north of Lots 44 and 45. The city assessed benefits on this improvement against plaintiffs' lots in the amount of $723.14. Plaintiffs alleged that Lots 44 and 45 were not benefited in any way by virtue of this new water district; that said lots are adequately and fully served by their present water line; and that the lots could never derive any benefit from water district No. 13. Plaintiffs further alleged there was not and would never be a need for additional water service to Lots 44 and 45; that the assessment was arbitrarily assessed; and that it is constructively fraudulent as to them.

Attached to and made a part of their petition is a plat which shows Lots 44 and 45 to be on the south boundary of Town and Country Addition. From this plat it is evident that the street under which the new

water main was installed bounds plaintiffs' property on the north. Plaintiffs' home fronts on the street to the south. The water main to which they are connected is under the street to the south.

Plaintiffs prayed that the special assessment be declared void as to Lots 44 and 45; that the city and the treasurer be enjoined from collecting it; and that title to their property be quieted as against any lien by virtue of the special assessment for water district No. 13.

Norfolk is a city of the first class and has statutory authority to create water districts and to levy assessments for the payment of the cost thereof. §§ 16-667, 16-668, and 16-707, R. R. S. 1943.

Review by petition in error was available to the plaintiffs if they felt they were aggrieved by any decision of the Norfolk city council sitting as a board of equalization. See Elliott v. City of Auburn, 172 Neb. 1, 108 N. W. 2d 328.

The question to be answered herein, and the only one we will discuss, is whether plaintiffs also have the right to collaterally attack the special assessment. Inasmuch as there is nothing in the petition to indicate otherwise, we assume that proper notice of hearing on the equalization of assessments for water district No. 13 was given to the plaintiffs and that they made no appearance before the board of equalization when the special assessments for the district were made and equalized. Plaintiffs in no way challenge the power and the authority of the city to create the water district in question or to levy the assessments. Their attack is directed to the point that their lots are not benefited and they should not have been included in the assessment for the improvement.

A general demurrer admits all allegations of fact in the pleading to which it is addressed which are issuable, relevant, material, and well pleaded, but does not admit the pleader's conclusions of law or fact. Jones v. Village of Farnam, 174 Neb. 704, 119 N. W. 2d 157.

In passing on a demurrer to a pleading, the court will consider an exhibit attached thereto and made a part thereof. See Valentine Oil Co. v. Powers, 157 Neb. 71, 59 N. W. 2d 150.

For the purpose of testing the ruling of the trial court on the demurrers, we assume that the plaintiffs' lots were not benefited by water district No. 13 for which the special assessment was levied. We also assume, for the purpose of testing the ruling thereon, that plaintiffs do not and will not in the future have need for additional water service to these lots.

On the point at issue, the right to collaterally attack the assessment, this case appears to be controlled by our holding in Chicago & N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N. W. 2d 753. That case involved the collection of a special assessment for a paving district which included a portion of a street bordering the railroad right-of-way. The physical facts were such that the railroad property could not have been specially benefited by the improvement. That action, like this one, was to enjoin the collection of the special assessment and to quiet the title of the plaintiff to the property as against the special assessment. The City of Omaha raised the defense that the plaintiff could not collaterally attack the assessment but was limited to an appeal from the findings of the assessing body.

We quote the following from Chicago & N. W. Ry. Co. v. City of Omaha, *supra:* "In the case of Wead v. City of Omaha, 124 Neb. 474, 247 N. W. 24, the complaint was that the taxpayers were not benefited by the widening of certain streets in the city. No charge was made that taxes were assessed for an illegal or unauthorized purpose, or were invalid for any other reason. The court recognized the exceptions to the general rule that defects and irregularities in the making of special assessments cannot be questioned in a collateral proceeding, and that an assessment grossly in excess of benefits can be attacked. The court said: 'To the rule thus an-

nounced there are some apparent exceptions. For instance, where the record discloses that the physical facts are such that the property was not and could not have been specially benefited, or could not have been benefited to any extent approaching the assessment, such facts have been in some cases held to show that the levy of assessment was arbitrary and constructively fraudulent, and therefore void, and might be attacked collaterally. * * * The rule in such cases is stated in Hamilton, Law of Special Assessments, sec. 760, wherein it is said: "Where an assessment for street improvements is arbitrary and fraudulent, and therefore void, the appeal provided by the charter is not the only remedy. The person aggrieved may have his remedy in equity, or a common-law action for damages. *Equity will enjoin the collection of a void local assessment, and taxpayers are not relegated to an appeal from an assessment.*" ' (Emphasis supplied.)"

This court, in holding that the Chicago and Northwestern Railway Company could attack the assessment collaterally, further said: "We make reference to the language in Wead v. City of Omaha, supra, and to that part thereof to the effect that where an assessment for street improvements is arbitrary and fraudulent, a person so aggrieved may have a remedy in equity to enjoin the collection of a void local assessment, * * *."

Assuming, as we must do for the purposes of the demurrers, that plaintiffs' lots are not benefited by the special improvement, under the authority of Chicago & N. W. Ry. Co. v. City of Omaha, *supra,* the assessment as to the plaintiffs herein would be arbitrary and constructively fraudulent and therefore void as to them.

The city relies on Elliott v. City of Auburn, 172 Neb. 1, 108 N. W. 2d 328, which also involved a collateral attack on a special assessment. The attack in that case centered on the allegation that the petition creating the paving district was insufficient to confer jurisdiction on the mayor and counsel to create the district. The mayor

and counsel specifically found the petition for the creation of the district to be sufficient. The collateral attack, as here and in Chicago & N. W. Ry. Co. v. City of Omaha, *supra*, was to enjoin the assessment after the improvement had been made and the assessment levied. In the Elliott case, however, there was no contention that petitioner's property was not benefited by the special improvement. The attack was directed to the finding made by the mayor and council on the sufficiency of the petition. Petitioner was attacking the authority to create the district and not the fact he could not be benefited by it. From that case and the dissenting opinion on rehearing, 172 Neb. 515, 110 N. W. 2d 218, it is obvious that the court intended to narrow the field of collateral attack.

Does the Elliott decision conflict with Chicago & N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N. W. 2d 753? We find that it does not. There is a clear distinction between the two. In the Elliott case the plaintiff, who was being benefited by the improvement, saw fit to wait until he had received the benefit of the paving before trying to avoid it by a collateral attack. In Chicago & N. W. Ry. Co. v. City of Omaha, *supra*, no benefit was conferred on the plaintiff by the paving. If no benefit is conferred, it constitutes a taking of property for public purposes without compensation. In the latter case, we said: " ' "The only foundation for a local assessment lies in the special benefits conferred upon the property assessed, by the improvement to pay which the assessment is made, and an assessment beyond the benefit so conferred is a taking of property for public use without compensation, and therefore illegal." ' "

Section 77-1727, R. R. S. 1943, provides: "No injunction shall be granted by any court or judge in this state to restrain the collection of any tax, or any part thereof, nor to restrain the sale of any property for the nonpayment of any such tax, nor shall any person be permitted to recover by replevin, or other process, any

property taken or restrained by the county treasurer for the nonpayment of any tax, except such tax or the part thereof enjoined in case of injunction, *be levied or assessed for illegal or unauthorized purpose."* (Emphasis supplied.)

Plaintiffs' petition specifically alleged that their lots were not benefited in any way by water district No. 13, and that the lots could not derive any benefit from the new water main. They further alleged that there will never be a need for additional water service to their lots. These allegations bring them clearly within the rule announced in Chicago & N. W. Ry. Co. v. City of Omaha, *supra.* If their allegations can be proved, the assessment may constitute a taking of property for public use without compensation and therefore illegal as to them and subject to collateral attack.

For the purpose of this opinion, the demurrers admit the illegality of the assessment as to the plaintiffs. On a trial on the merits, the plaintiffs will have the burden of proving that their property has not been benefited by the improvement. When a party attacks a special assessment for illegality because his property was not and could not have been benefited thereby, he has the burden to prove the illegality alleged. See, Whitla v. Connor, 114 Neb. 526, 208 N. W. 670; Munsell v. City of Hebron, 117 Neb. 251, 220 N. W. 289; Chicago & N. W. Ry. Co. v. City of Omaha, 154 Neb. 442, 48 N. W. 2d 409.

For the reasons given, the general demurrers filed by the city and treasurer should have been overruled. The order sustaining the demurrers and dismissing the petition of the plaintiffs is hereby vacated and set aside and the cause is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.