MIDWEST DEVELOPMENT CORPORATION, A CORPORATION, APPELLANT, IMPLEADED WITH HENRY A. BERNSTRAUCH ET AL., APPELLEES, V. CITY OF NORFOLK, NEBRASKA, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

222 N. W. 2d 566

Filed October 24, 1974. No. 39419.

Brogan & Stafford, for appellant.

Jewell, Otte, Gatz & Collins, for appellees City of Norfolk et al.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

CLINTON, J.

This is an action by the plaintiff property owners to have a special assessment against their property, included in water district No. 74 of the City of Norfolk, declared null and void, and to enjoin the collection of the assessment on the grounds that the assessment was arbitrarily made, constructively fraudulent, and illegal. The basis of the claim is that the property assessed was already adequately served by existing private and public water supply and was not and could not be benefited by the improvement. The trial court denied relief. Plaintiff Midwest Development Corporation perfected its appeal to this court. We affirm.

No appeal was taken from the action of the city council of Norfolk levying the assessment. This action is a collateral attack upon the assessment and the issues which the owner may present are therefore limited. A property owner may collaterally attack a special assessment only for fraud, actual or constructive, a fundamental defect, or a want of jurisdiction. Wead v. City of Omaha, 124 Neb. 474, 247 N. W. 24; Wiborg v. City of Norfolk, 176 Neb. 825, 127 N. W. 2d 499. We have held that where it is alleged and proved the physical facts are such that the property was not and could not be specially benefited, the levy may be held to be arbi-

trary, constructively fraudulent, and therefore void, and so may be collaterally attacked. Wiborg v. City of Norfolk, *supra*. All defects, irregularities, and inequalities in the making of assessments, or in proceedings prior thereto, not raised by appeal from the assessment are waived and cannot be questioned in the collateral proceedings. Wead v. City of Omaha, *supra*. Mere excessiveness of a special assessment may not be corrected in a collateral attack upon the assessment. Loup River P. P. Dist. v. Platte County, 141 Neb. 29, 2 N. W. 2d 609. A property owner who attacks a special assessment as void has the burden of establishing its invalidity. Bitter v. City of Lincoln, 165 Neb. 201, 85 N. W. 2d 302. Special assessments are charges imposed by law on land to defray the expense of a local municipal improvement, on the theory that the property owner has received special benefits from the improvement in excess of the benefits accrued to people generally, 63 C. J. S., Municipal Corporations, § 1290, p. 1025.

Since this is a proceeding in equity, we examine the record de novo.

The defendant city, acting under the provisions of section 19-2402, R. R. S. 1943, enacted an ordinance creating the water extension district, and pursuant thereto made the improvements and levied an assessment of $1,158.40 against the plot of land here involved. The evidence shows that the property specially assessed is an undeveloped, rectangular parcel in the southeast corner of a larger 10-acre tract owned by the plaintiff Midwest Development Corporation. The larger tract is bounded on the west by 13th Street and on the south by Omaha Avenue, which latter street is also a principal highway. Omaha Avenue, of course, also abuts on the south side of the assessed property. On the larger tract is located a Holiday Inn, two filling stations, two 1-story office buildings, and a 2 story office and apartment building. These businesses and buildings, at the time of the creation of water district No. 74 and the assessment in ques-

tion, were and had been served by a water main running north and south along 13th Street. The water was distributed to the various facilities from the 13th Street main by a private line constructed and paid for by the plaintiff corporation. This private line does not reach the plot in question, but could be extended to it. The evidence received tends to show that, if extended, the private line would have been adequate to serve it.

The water main for which the special assessments in question were made lies on the south side of Omaha Avenue and would serve properties on both sides of the avenue exclusive of the developed tract belonging to the plaintiff corporation. Each property owner would have to pay the cost of bringing a connecting line from the main to his own property. The water extension improvement in question includes a fire hydrant located on the south side of Omaha Avenue near the tract in question. The closest previously existing hydrant was at the intersection of 13th Street and Omaha Avenue, some 3 or 4 blocks west of the assessed tract.

The plaintiff corporation argues that since the undeveloped tract could be served by an extension of the already existing private line on the developed portion of the tract, it can derive no special benefit from the improvement in water district No. 74. It also argues that because the cost of connections is more than the special assessment and more than the connection cost of owners on the south side of the street, their properties being closer to the main, there can be no special benefit. It further argues that increased fire protection cannot be considered in determining whether there is a special benefit.

The defendant city presented testimony by a real estate broker to the effect that access to the public water supply increased the market value of the tract assessed because among other things it would permit the separate sale and development of the tract without reliance upon a connection with the existing private line for water

supply. Moreover, this witness considered access to a public water supply to be one of the things which a prospective purchaser would consider. He also testified that the area was a developing commercial area and that the highest and best use of the assessed property would be for such enterprises as a motel, restaurant, office building, or other similar commercial enterprise. The fire chief of the city testified that the property was benefited because the new hydrant would eliminate the necessity of relay pumping and make fire fighting equipment more quickly available to the properties in the district, including the subject property. The District Judge, with the consent of the parties, made a personal inspection of the property and the area in question.

We conclude that the property in question was specially, and indeed, substantially benefited by the improvements in the water extension district. The physical facts are not such that the property was not and could not be benefited. The collateral attack must therefore fail. We can in this collateral proceeding consider only the restricted issues authorized under the authorities we have earlier cited. As was stated in Wead v. City of Omaha, *supra*: ". . . we are justified in holding the action arbitrary and fraudulent only where the physical facts disclosed are such that the court can say, beyond question, that the action of the taxing authorities was arbitrary and therefore constructively fraudulent."

We point out in connection with the plaintiff's contention that the property cannot be specially benefited because connection costs exceed the special benefit, the statute under which the district was created, section 19-2402, R. R. S. 1943, specifically provides: "When such extension of the utility service involved is completed, the municipality shall compel all proper connections therewith of occupied properties in such utility district, and may provide a penalty for failure to comply with regulations of the municipality pertaining to such utility districts."

If, as the plaintiff argues, the cost of connection must be offset against the assessment, then, in many cases, there could be no assessment for special improvements at all. Such is not the law. The statute above clearly contemplates that the property owner shall pay the special assessment as well as the connection cost.

The statute makes no mention of increased fire protection as an element of special benefit. This court has, however, recognized that increased fire protection may be of special benefit to assessed property even in a case where the benefit results from street improvements affording better access for fire trucks. Chicago & N. W. Ry. Co. v. City of Omaha, 154 Neb. 442, 48 N. W. 2d 409. The plaintiff cites cases from other jurisdictions which hold otherwise. While the enabling statute does not define water service, we believe that improvements such as fire hydrants are a concomitant of water service and, where installed as part of a water district improvement, the increased fire protection may be considered as an element of benefit. It is certainly a more direct benefit in this case than in a case such as Chicago & N. W. Ry. Co. v. City of Omaha, *supra*. The judgment of the lower court was correct.

AFFIRMED.