NEBCO, INC., A CORPORATION, APPELLANT AND CROSS-APPELLEE, V. GERALD SPEEDLIN, CITY TREASURER OF THE CITY OF LINCOLN, NEBRASKA, ET AL, APPELLEES AND CROSS-APPELLANTS.

251 N. W. 2d 710

Filed March 16, 1977. No. 40827.

James W. Hewitt, for appellant.

Charles D. Humble and William F. Austin, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action brought by the plaintiff, Nebco, Inc., property owner, to have special assessments against its property, which was included in sewer district 918 of the City of Lincoln, declared null and void, and to enjoin the collection of the assessments on the grounds that they were arbitrarily made, constructively fraudulent, and illegal. In general, the basis of the claim is that the property assessed was already adequately served by existing private and public sewer facilities, hence it was not and could not be benefited by the improvement. Relief was

denied by the trial court as to three of the lots involved and was granted as to a fourth lot. The plaintiff perfected its appeal to this court, while the City of Lincoln and the defendant officials have cross-appealed as to the relief granted. We affirm the portion of the trial court's judgment denying relief and sustain the cross-appeal of the defendants.

Since this action is a collateral attack upon the assessments, the issues which the owner may present are limited. A property owner may collaterally attack a special assessment only for fraud, actual or constructive, a fundamental defect, or a want of jurisdiction. Wead v. City of Omaha, 124 Neb. 474, 247 N. W. 24; Wiborg v. City of Norfolk, 176 Neb. 825, 127 N. W. 2d 499; Midwest Development Corp. v. City of Norfolk, 192 Neb. 475, 222 N. W. 2d 566. We have held that where it is alleged and proved that the physical facts are such that the property was not and could not be specially benefited, the levy may be held to be arbitrary, constructively fraudulent, and therefore void, and subject to collateral attack. Wiborg v. City of Norfolk, supra; Midwest Development Corp. v. City of Norfolk, supra. All defects, irregularities, and inequalities in the making of an assessment, or in proceedings prior thereto, not raised by appeal from the assessment are waived and cannot be questioned in the collateral proceedings. Wead v. City of Omaha, supra; Midwest Development Corp. v. City of Norfolk, supra. Mere excessiveness of a special assessment may not be corrected in a collateral attack upon the assessment. Loup River P. P. Dist. v. Platte County, 141 Neb. 29, 2 N. W. 2d 609. A property owner who attacks a special assessment as void has the burden of establishing its invalidity. Bitter v. City of Lincoln, 165 Neb. 201, 85 N. W. 2d 302; Midwest Development Corp. v. City of Norfolk, supra. Special assessments are charges imposed by law on land to defray the expense of a local municipal improvement on the

theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general. Midwest Development Corp. v. City of Norfolk, *supra.*

Since this a proceeding in equity we examine the record de novo.

The plaintiff, Nebco, Inc., is the owner of certain irregular lots within the city of Lincoln covering a roughly triangular area of approximately 75 acres, bordered on the south (the hypotenuse side of the triangle) by Cornhusker Highway and on the north side by Fletcher Avenue. On these lots the plaintiff, or its related corporations, carry on various activities in the concrete industry. Plaintiff leases portions of one lot to a third party. Lots 71, 76, 79, and 97 are located generally in the southern portion of the 75-acre tract and abut Cornhusker Highway on the north. Lot 56, also owned by the plaintiff, lies generally in the northern portion of the tract and abuts Fletcher Avenue; no part of this lot adjoins Cornhusker Highway.

By ordinance in July of 1972, the City of Lincoln created sewer district 918. Pursuant to ordinance the city constructed a sewer which runs from east to west along the south side of Cornhusker Highway opposite Lots 71, 79, and 76; thence northwesterly on an acquired easement across Lots 76 and 97 to property adjacent to the west side (the base of the triangle) of the plaintiff's property; thence northerly to Fletcher Avenue where it joins an existing sewer line constructed in about 1962. The district 918 sewer line includes several manholes located on the north side of Cornhusker Highway abutting the plaintiff's lots and connected to the main by lines which pass under the highway. In March 1975, the cost of constructing the sewer in district 918 was assessed in part against parts of Lots 71, 79, 76, and 97. It is these assessments which the plaintiff seeks to have declared void.

No portions of Lots 71, 79, 76, or 97 have previously been assessed in any sewer district. In 1962 Lot 56, upon which a large part of the plaintiff's extensive improvements and facilities are located, was assessed for benefits arising by reason of construction of the Fletcher Avenue sewer. After that sewer was constructed the plaintiff connected its facilities on Lot 56 to it. Thereafter over a period of time plaintiff extended its own sewer lines on Lot 56 and installed a lift station on Lot 56 so that the sewer served Lots 79 and 76 through the connection in Fletcher Avenue.

Facilities on Lot 76 served by the plaintiff's extension from its Lot 56 sewer are a rebar fabricating plant, a block plant, and an office building. A portion of Lot 76, lying adjacent to and on each side of the sewer where it crosses that lot in a northwesterly direction, is unimproved property.

On Lot 79 an office building is similarly served. The assessment against this lot is the one which the trial court found void.

Lot 71 has no sewer connection of any kind. Plaintiff uses a portion of this lot for open air storage of its products. The balance of Lot 71 is occupied by a tenant which operates an asphalt plant thereon. Only machinery and materials are located on the portion of Lot 71 occupied by the asphalt plant and it has no improvements of any kind. Portable toilets are the only sanitary facilities on this lot. The lease on the property is apparently from month to month.

Lot 97 has located on it an office building which is served by a septic system. Most of this lot has no improvements on it. Plaintiff's property is zoned for heavy industrial use.

Plaintiff's position is (1) plaintiff receives no present benefits from the construction of the sewer in district 918 because (a) it has its own sewer system; (b) the cost of connection to the district 918 sewer exceeds the cost of any possible benefit; and (c) the

district 918 sewer affords no added capacity because it flows into the Fletcher Avenue sewer to which plaintiff is already connected. (2) Plaintiff will receive no benefits in the immediate future because the use of the property is fixed; plaintiff has no plans for expansion; and it would be impractical to develop the property because there is insufficient storage space for the material used in manufacturing to do so. Plaintiff introduced evidence tending to support the above conclusions. The plaintiff's witnesses acknowledged, however, that if its facilities on Lots 76 and 79 were not already served through the connections on Lot 56 with the Fletcher Avenue sewer, their opinions would be different. It is uncontroverted that undeveloped portions of Lots 76 and 97 referred to as the slough area could not be feasibly served through further extensions of the private sewer. Neither does it seem to be contested that Lot 71, which is approximately 20 acres in area, can best be served by a connection with district 918. It also seems uncontroverted that the block plant and offices on Lot 76 and the office on Lot 79 could be served by gravity flow connections to the manholes of district 918. One of the plaintiff's witnesses acknowledges that his opinion that the property is not benefited by the construction of the district 918 sewer is based solely upon the fact that the existing facilities are adequately served by the plaintiff's private sewer and its connection with the Fletcher Avenue line, and that if additional buildings should be placed on the south portion of the plaintiff's property it would be more feasible to tie in to the district 918 sewer. Plaintiff also introduced evidence that the market value of the property was not increased by reason of the sewer construction. Other details of the plaintiff's evidence will be later discussed in connection with its particular contentions.

Evidence introduced by the city would support the conclusion that all of Lot 71, Lot 79, most of Lot 76,

and all of Lot 97 can be served by gravity flow to the manholes of district 918. The record establishes that the special assessments were made in accordance with the standard engineering formula used throughout Lincoln to assess such benefits in sewer districts.

It is clear from our above summary of the evidence that the physical facts are not such that the property was not and could not have been benefited in any amount or could not have been benefited to any extent approaching the assessment. Chicago & N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N. W. 2d 753. The burden of proof was on the plaintiff and it cannot be said that the finding of fact by the court upholding the assessments is contrary to the physical facts.

The plaintiff's position, however, is more sophisticated than that. It contends that as a matter of law property already served by the existing improvement is not benefited by an additional improvement of the same kind. It cites such cases as Independent School Dist. No. 709 v. City of Duluth, 287 Minn. 200, 177 N. W. 2d 812. That case is clearly distinguishable from the one at hand. In that case a 32-acre tract had been assessed for sewer improvements in 1914. In 1966 another sewer was constructed and assessment was made against the property. The tract was undeveloped both in 1914 and in 1966. The court in that case canceled the 1966 assessment as to approximately one-half of the property because the evidence showed that that portion could not be benefited by the new sewer and could be adequately served by the old sewer. The court said: "The evidence presented at the trial clearly indicated that a portion of the property — 18.2 acres — could be served and benefited by the new sewer line, but that 14.6 acres received no benefit and could be served by the old Duluth Heights Outfall Trunk Sewer constructed in 1914." The court in that case held

simply that the evidence supported the fact finding of the trial court. The evidence in the case before us shows that the property here assessed (none of which has previously been assessed for any sewer improvement) can be benefited by the district 918 sewer. The fact that part of Lots 76 and 79 are served by the private sewer extension from the Fletcher Avenue public sewer is not conclusive of the absence of a benefit or that the benefit does not approach the assessment. The factual situation before us is similar to that involved in Midwest Development Corp. v. City of Norfolk, *supra*, where we held that the fact property not previously assessed in any water district could be served by a private waterline through property previously assessed in another district did not bar assessment in the new district where the evidence showed benefit to the property.

Plaintiff introduced evidence to show that if it were to connect the rebar plant, the block plant, and the two office buildings (all located on Lots 76 and 79) to the new sewer it would cost $45,879.68. If the rebar plant were not connected it would cost only $32,281.48 because a lift station would be eliminated. If only the two office buildings were served the cost would be $15,190.56. The record does not establish that the plaintiff is required by law to make such reconnections. We were confronted with somewhat similar conditions in Midwest Development Corp. v. City of Norfolk, *supra*. We there said: "If, as the plaintiff argues, the cost of connection must be offset against the assessment, then, in many cases, there could be no assessment for special improvements at all. Such is not the law. The statute above clearly contemplates that the property owner shall pay the special assessment as well as the connection cost."

With reference to plaintiff's contention that the district 918 sewer does not give increased sewer ca-

pacity to the property because it ultimately runs into the Fletcher Avenue sewer, we comment as follows. No authority is cited which supports the proposition that this fact makes the assessment illegal. There is no evidence whatever to show that the capacity of the district 918 sewer is insufficient to completely and adequately serve the property assessed. If there were evidence that the sewer was inadequate to serve the property that would obviously either affect the amount of benefit and the assessment, or perhaps make the assessment void if there were a gross inadequacy. The fact that no added capacity results is immaterial.

The plaintiff also contends that the improvements will not benefit the property in the immediate future and for that reason an assessment cannot be sustained. It cites, among other cases, Munsell v. City of Hebron, 117 Neb. 251, 220 N. W. 289; and Sump v. Omaha Public Power Dist., 168 Neb. 120, 95 N. W. 2d 209. In the first-cited case this court said: '' 'The vital principle underlying special assessments is that the value of the property taxed has been increased in a sum at least equal to the assessment levied. To levy a tax [special assessment] without a corresponding increase in value is to take private property for public use,' '' citing Schneider v. Plum, 86 Neb. 129, 124 N. W. 1132. That case involved an appeal from the assessment and not a collateral attack. The improvement in that case was paving adjacent to two mostly undeveloped tracts. The court found that the assessment exceeded the benefits and reduced the assessment to $1,000 per tract. The principle cited is dictum so far as the facts in the Munsell case are concerned. In Schneider v. Plum, *supra,* from which the quoted principle is taken, the evidence was that the assessment proceedings by the city were void because the proceedings themselves indicate that the village had not made the assessment based upon benefit, but had levied the cost

of the improvement irrespective of benefit. In the case before us the proceedings by which the levy of the assessment was made are not attacked. A presumption exists that the levy was properly determined and there is no evidence otherwise. See Chicago & N. W. Ry. Co. v. City of Albion, 109 Neb. 739, 192 N. W. 233, where the import of the holding in Schneider v. Plum, *supra*, is discussed.

Sump v. Omaha Public Power Dist., *supra,* cited by the plaintiff, involved the question of determining the market value of property in eminent domain proceedings and held that in determining such value, consideration of future uses must be limited to reasonable uses in the immediate future. Plaintiff argues, apparently, that there can be no valid special assessment unless it be shown there is an immediate increase in market value by reason of the improvement and points out that an officer of the plaintiff testified that the value of the land was the same both before and after the construction of the sewer. His testimony was wholly by way of conclusion and the trial court, the finder of fact, did not necessarily have to accept said testimony, nor was it sufficient to require a finding that the assessment was void. It is clear that the opinion of the witness was founded upon the present use of the property and the absence of any plans to expand. It is not only present, but also future, use of the property which may be considered in determining whether the property has been specially benefited. In Qvale v. City of Willmar, 223 Minn. 51, 25 N. W. 2d 699, similar arguments were made. The plaintiff there owned several lots on which were located his home and extensively landscaped grounds. Lots on the south side of the property were assessed in a water district which served the plaintiff's residence from a water main in the street abutting the property on the south. Later another water main was constructed in the street which abutted the lots on the north side of

the plaintiff's property and these lots were then assessed. The court said: "In other words, his present use of the property, he claims, is such that no benefits accrue to him by reason of the improvement. His lots on Benson avenue are separate, individual parcels of land. If in other ownership, it could not be successfully claimed that these lots were not benefited by the extension of the water main in front of the lots. Appellant's witnesses Kvam and Anderson based their opinion that appellant and his property were not benefited on the present use of the lots. If the lots were used for other purposes, they admitted that there would be a benefit from the laying of the water main." The court then held that the assessment was not void just because the present use was not enhanced by the improvement. See, also, Village of Edina v. Joseph, 264 Minn. 84, 119 N. W. 2d 809; Brenton v. City of Des Moines, 219 Iowa 267, 257 N. W. 794.

The governing statutes with reference to special assessments for improvements provide that the city council shall "assess the cost [of the improvements] against the property in such districts, to the extent of the special benefits." § 15-717, R. R. S. 1943. The following section 15-718, R. R. S. 1943, provides in part: "Such taxes shall be levied upon the real estate within the sewerage district . . . to the extent of benefits to such property by reason of such improvements." It seems clear that Nebraska statutes contemplate levying the assessments to the extent of the benefits to the property and that there need not always be an immediate and proportionate increase in market value by reason of the improvement. See Foren v. City of Royal Oak, 342 Mich. 451, 70 N. W. 2d 692. It is evident that the benefit from some types of improvements accrue almost wholly to the property benefited. In other cases benefit results partly to the property and partly to the general public. The underlying principle is that

the assessment should not exceed the benefit. Neville v. City of Omaha, 119 Neb. 550, 230 N. W. 108. See, also, Goodell v. City of Clinton (Iowa), 193 N. W. 2d 91.

In this case because the attack is collateral, the trial court was, and this court is, limited to the question of whether no special benefits resulted, or no benefits approaching the amount of the assessment resulted. We conclude that the trial court was correct in denying the requested relief as to Lots 71, 76, and 97. The court made no specific finding as to why it concluded that Lot 79 was not benefited. We cannot discern from the record that the situation of Lot 79, insofar as benefits from the sewer in district 918 is concerned, is materially different from that of the other properties involved. This lot has not been previously assessed. It is dependent upon the existence of the private sewer from the Fletcher Avenue connection. If ownership of the lot or some portion thereof were severed, having an independent sewer connection would be an obvious advantage. We conclude that the plaintiff has not sustained its burden of proof as to Lot 79 and reverse the portion of the trial court's judgment pertaining thereto.

AFFIRMED IN PART, AND IN PART REVERSED.