NORTH PLATTE, NEBRASKA HOSPITAL CORPORATION, A
NONPROFIT CORPORATION, APPELLANT, V. CITY OF NORTH PLATTE
ET AL., APPELLEES.

440 N.W.2d 485

Filed June 2, 1989. No. 87-605.

Leonard P. Vyhnalek for appellant.

James P. Mueller, North Platte City Attorney, for appellees.

HASTINGS, C.J., SHANAHAN, and FAHRNBRUCH, JJ., and NORTON, D.J., and RONIN, D.J., Retired.

RONIN, D.J., Retired.

This is an action brought by the plaintiff, North Platte, Nebraska Hospital Corporation (Hospital), property owner, to have special assessments levied against its property by the defendant City of North Platte, Nebraska, and its officials be declared null and void, and to enjoin the collection of the assessments. Trial was held in the district court for Lincoln County, Nebraska. The trial court entered its order finding for the defendants and dismissing the plaintiff's third amended petition. The plaintiff's motion for new trial was thereafter overruled, and plaintiff Hospital timely appealed. For the reasons stated hereinafter, we affirm.

## STATEMENT OF FACTS

In June 1973, the Hospital purchased about 17 acres of undeveloped land in North Platte, Nebraska, with the intent of building a hospital complex. A 130-bed hospital was built in the approximate center of this tract between 1973 and 1975. Both water and sanitary sewer services were obtained by running pipes to existing city lines running along Francis Street bordering the north edge of the Hospital's property. The Hospital was not assessed at that time for either water or sewer service.

In 1978, the Hospital built another building called the Medical Arts Building to the west of the original hospital, which contains facilities which coordinate medical and health services with the Hospital. In 1979, the northeast corner of the Hospital's property was leased to the Red Cross, and a building was constructed and occupied there. The Medical Arts Building is being expanded to handle a linear accelerator, which will provide radiation therapy. The remainder of the Hospital tract has either parking areas or is undeveloped.

The Centennial Park Plaza Development Company (Centennial) planned and has constructed a medical office building and home for the elderly on its land immediately south of the Hospital tract, with Leota Street separating Centennial's and the Hospital's property. At the request of Centennial, under the authority of Neb. Rev. Stat. § 18-401 (Reissue 1987), the City of North Platte created by ordinances sewer extension district No. 271 and water extension district No. 162. In accordance with Neb. Rev. Stat. § 18-405 (Reissue 1987), the city employed the "front footage" method of assessment.

Water extension district No. 162 consists of a new 8-inch main placed along Leota Street from Oak Street to Willow Street, which includes the entire south boundary of the Hospital tract and the entire north boundary of the Centennial tract. As a part of the water extension district, two new fire hydrants were placed near the center of the Hospital tract's south property boundary. The Hospital was assessed the sum of $8,253.01 for these improvements.

Sanitary sewer extension district No. 271 consists of a new 8-inch sanitary sewer main installed on both the entire east and

south sides of the Hospital tract, for which improvement the Hospital was assessed the sum of $10,441.40.

## PROPOSITIONS OF LAW

The parties agree that this action constitutes a collateral attack upon both the subject water and sewer special assessments against the property of the Hospital, and is not a direct appeal from the city ordinances of the City of North Platte authorizing the establishment of the subject water and sewer extension districts, as required by Neb. Rev. Stat. § 19-2422 (Reissue 1987). A property owner may collaterally attack a special assessment only for the limited purposes of fraud, actual or constructive, a fundamental defect, or want of jurisdiction. *Grube v. City of Ogallala*, 223 Neb. 640, 392 N.W.2d 380 (1986).

Where it is alleged and proven that the physical facts are such that the property was not and could not be specially benefited, the levy may be held to be arbitrary, constructively fraudulent, and therefore void, and may be subject to collateral attack. *Grube v. City of Ogallala, supra*; *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977); *Midwest Development Corp. v. City of Norfolk*, 192 Neb. 475, 222 N.W.2d 566 (1974); *Wead v. City of Omaha*, 124 Neb. 474, 247 N.W. 24 (1933).

Mere excessiveness of a special assessment may not be corrected in a collateral attack upon the assessment. A property owner who attacks a special assessment as void has the burden of establishing its invalidity. All defects, irregularities, and inequalities in the making of an assessment, or in proceedings prior thereto, not raised by appeal from the assessment are waived and cannot be questioned in the collateral proceedings. *Nebco, Inc. v. Speedlin, supra*; *Midwest Development Corp. v. City of Norfolk, supra*; *Wiborg v. City of Norfolk*, 176 Neb. 825, 127 N.W.2d 499 (1964).

Special assessments are charges imposed by law on land to defray the expense of a local municipal improvement on the theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general. *Nebco, Inc. v. Speedlin, supra*.

Several witnesses, including North Platte's city engineer, its

fire chief, and a registered engineer expert witness testified that the Hospital received special present and likely future benefits from both the subject water and sewer improvements. These special benefits included enhanced fire protection by reason of the closer location of the two fire hydrants at the south entrance to the Hospital building, better water flow, and less firehose layout. Evidence was also adduced that the new sewerline provided additional service and would be available if additional buildings would be added at a later time.

The Hospital cites the case of *Grube v. City of Ogallala, supra*, in support of its contention that the Hospital would not receive any special benefit from either the subject water or sewer improvements. However, there is a factual difference in the *Grube* case in which the tract was undeveloped agricultural land irrigated by a center pivot which would not be specially benefited by the proposed improvements. In contrast, the Hospital tract had already been commercially developed and had a history of continuing growth as a medical center, with a potential for further health care related services in North Platte.

A collateral attack upon a special assessment is a proceeding in equity, which this court reviews de novo on the record. *Grube v. City of Ogallala, supra*.

It is a question of fact whether or not a property which has been specially assessed has or will benefit from an improvement project. *Nebco, Inc. v. Speedlin, supra*. The district court was correct in finding in this case that the physical facts are such that the Hospital's property has specially benefited from the improvements of the districts. The order of the district court is affirmed.

AFFIRMED.