CARRIE A. HUBBARD ET AL., APPELLEES, V. BENJAMIN P. KNIGHT, IMPLEADED WITH CHARLES DOLL, APPELLANT.

FILED OCTOBER 6, 1897. No. 7457.

1. Subrogation: NOTICE OF RECITALS IN MORTGAGE. Hubbard owned certain real estate and mortgaged it to secure a debt. She then conveyed an undivided half interest in the real estate to Knight, subject to the mortgage, he agreeing in the conveyance and as a part consideration therefor to pay $2,200 and interest of the mortgage debt. This deed was duly recorded. Subsequently Knight mortgaged his interest in the real estate to secure a debt of his evidenced by a promissory note. Doll purchased this note for value before maturity without actual knowledge of the recitals in the deed from Hubbard to Knight. Knight failed to pay the mortgage debt he had assumed and Hubbard paid it on its maturity and brought suit praying to be subrogated to the rights of her mortgagee as against Knight and that the $2,200 and interest might be decreed a first lien upon the interest in the real estate

conveyed by her to him. *Held*, (1) That as against Knight and his privies she was entitled to the decree prayed for; (2) that Doll's lien upon Knight's land was subject to Hubbard's lien thereon.

2. **Deeds:** RECITALS: NOTICE. All persons claiming an interest in or lien upon real estate are bound to take notice of the recitals in a duly recorded deed in the chain of title of their grantor.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J. *Affirmed.*

*G. W. Shields*, for appellant.

*E. Wakeley*, contra.

RAGAN, C.

This case has been advanced and submitted under rule 2. The facts necessary to an understanding of the questions involved and decided are briefly as follows: Carrie A. Hubbard owned certain real estate situate in Douglas county and mortgaged the same to secure a debt of $2,500 and interest, which mortgage was duly recorded. Subsequently she sold and conveyed an undivided half interest in this real estate to Benjamin P. Knight for the consideration of $3,200, $1,000 of which Knight then and there paid in cash and discharged the remaining consideration by assuming and promising to pay $2,200 and interest of the mortgage previously placed on said real estate by Carrie A. Hubbard. This contract between Knight and Hubbard was fully expressed in the deed from Hubbard to Knight, which deed was duly recorded. Subsequent to the recording of his deed Knight mortgaged his interest in the real estate purchased of Hubbard to secure a debt of $1,000. The note evidencing this debt and the mortgage securing the same were subsequently sold and assigned to Charles Doll, who now owns and holds the same. Knight neglected to pay the $2,200 mortgage on the premises conveyed to him by Hubbard, and she was compelled to, and did, advance and pay said mortgage debt. She then brought suit to foreclose the mortgage

30

paid by her and asked to be subrogated to the rights of her mortgagee as against Knight, and to have $2,200 and interest of the amount due on the mortgage which she had paid declared a first lien upon the real estate which she had conveyed to Knight. Doll filed a cross-bill setting up the mortgage made by Knight and sought to have it declared a lien upon the lands conveyed to the latter by Hubbard, and claimed that Hubbard's mortgage was only a first lien upon the lands conveyed to Knight to the extent of $1,250 and interest, or one-half the mortgage made by Hubbard. It also appears that Doll is an innocent purchaser for value before maturity of the Knight note and mortgage, and had no actual notice or knowledge of the agreement of Knight to assume and pay $2,200 of the mortgage made by Hubbard in consideration of the conveyance of the real estate made by her to him. The court entered a decree subrogating Carrie A. Hubbard to the rights of her mortgagee as against Knight, and giving her a lien upon the undivided half interest of the real estate conveyed to Knight for the $2,200 and interest. From this decree Doll has appealed.

1. The decree of the district court is right for the following reasons: If Mrs. Hubbard's mortgagee had brought suit to foreclose his mortgage, making Mrs. Hubbard and Knight parties, the proper decree would have been that Knight's interest in the real estate conveyed to him by Hubbard should be sold to satisfy $2,200 and interest of the mortgage debt before selling Mrs. Hubbard's real estate; and Mrs. Hubbard having been compelled to pay this mortgage debt, and having paid it, she was entitled as against Knight to be subrogated to the lien which her mortgagee held against this real estate, and to have the $2,200 and interest assumed by Knight made a first lien upon his interest in the real estate. (*Cooper v. Foss*, 15 Neb., 515; *Keedle v. Flack*, 27 Neb., 836; *Rockwell v. Blair Savings Bank*, 31 Neb., 128; *Stover v. Tompkins*, 34 Neb., 465; *Grand Island Savings & Loan Ass'n v. Moore*, 40 Neb., 686; *Cox v. Wheeler*, 7 Paige Ch. [N. Y.], 248;

*Jumel v. Jumel,* 7 Paige Ch. [N. Y.], 591; *Hopkins v. Wooley,* 81 N. Y., 77.)

2. The fact that the appellant was an innocent purchaser before due of the mortgage debt created by Knight, without actual notice of the contract existing between Hubbard and Knight in and by which the latter promised in his deed of conveyance to pay and discharge $2,200 of the mortgage placed on the premises by Hubbard, does not make the appellant an innocent purchaser of the real estate so as to entitle his mortgage to be made a lien upon the real estate prior to the lien of Mrs. Hubbard thereon. Since the appellant claims under the conveyance made by Hubbard to Knight he is charged with constructive notice of the recitals in that deed, it being recorded prior to the record of the mortgage which the appellant seeks to enforce. (*Baker v. Mather,* 25 Mich., 51; *Jumel v. Jumel,* 7 Paige Ch. [N. Y.], 591; *Matthews v. Jones,* 47 Neb., 616; *Mason v. Payne,* Walker Ch. [Mich.], 460; *Norris v. Hill,* 1 Mich., 202; *Fitzhugh v. Barnard,* 12 Mich., 104; *Gibert v. Peteler,* 38 N. Y., 165; *Bonner v. Ware,* 10 O., 465; *Hamilton v. Nutt,* 34 Conn., 501; *Robertson v. Guerin,* 50 Tex., 317.) The decree of the district court is

AFFIRMED.