(No. 16498.—Judgment affirmed.)
THE CITY OF CHICAGO, Appellee, *vs.* THE RIDGE PARK · DISTRICT, Appellant.

*Opinion filed April 24, 1925.*

SPECIAL ASSESSMENTS—*filing petition to condemn does not give park district right to object to a special assessment.* A city has no power to assess for a street improvement lots owned by a park district for park purposes, but the mere filing of a petition by the park district to condemn certain lots does not give it the right to object to the confirmation of an assessment of such lots by the city, as the park district has no right to the land until final judgment in condemnation and payment of compensation within the time fixed by the court.

APPEAL from the County Court of Cook county; the Hon. S. N. HOOVER, Judge, presiding.

CLELAND, LEE & PHELPS, (ROBERT G. PHELPS, of counsel,) for appellant.

FRANCIS X. BUSCH, Corporation Counsel, and T. A. SHEEHAN, (GEORGE F. HURLEY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The city of Chicago filed in the county court of Cook county on May 21, 1924, a petition for the levy of a special assessment on the property benefited by the construction of a local improvement upon a system of streets, including, among others, West One Hundredth street from Longwood drive to South Robey street. The Ridge Park District filed 112 objections, only two of which are set out in the abstract. Objection 111 was, that the park district, in pursuance of an ordinance passed by it, had filed in the circuit court on January 10, 1923, a petition to condemn for a public park certain lots in Walden Terrace addition to Chicago which adjoin One Hundredth street on both sides from Winchester avenue to Longwood drive, a distance of one block, and were included in the improvement for which the

special assessment was to be levied; that the condemnation proceeding was still pending, and if the assessment was confirmed and the improvement made, an increased cost of about $7000 would result to the tax-payers of the park district by reason of the increased cost of the land for the park, and it would be necessary, after the trial of the condemnation suit, to remove the improvement and vacate the street because it would not be safe or proper for a street to run through a small park or playground such as it was proposed to establish on the premises included in the condemnation proceeding. Objection 112 stated that in the spring of 1923 the city filed its application in the county court for the confirmation of special assessment No. 46429 for the improvement of a system of streets as in the application here in question, which included the improving of the block from Longwood drive to Winchester avenue over the roadway of One Hundredth street in the same manner and of the same character of improvement as is provided for in the ordinance set up and filed in this suit; that afterward, on April 16, 1923, the park district, with other objectors, filed 111 objections to the assessment, of which objection 111 was identical in words and figures with objection 111 in the present proceeding, and on April 18, 1923, the objections came on for hearing in the county court and objection 111 was sustained by the court and the petition dismissed; that no appeal was taken or writ of error sued out to review this order and it remains in full force and effect, wherefore it is alleged that the order in special assessment No. 46429 constitutes an adjudication of the question and a bar to the present application. The cause was heard, and from the judgment of the court, which reduced the assessment on some of the lots to nothing and overruled the objections and confirmed the assessment as to other lots, the park district has appealed.

On the hearing it was stipulated that the city filed a petition on December 27, 1922, for the levy of special assess-

ment No. 46429 on property benefited by the construction of a local improvement of the same system of streets included in the present proceeding; that on January 10, 1923, the park district filed a petition to condemn for park purposes the lots mentioned in its objections and afterward filed objections to the confirmation of the assessment against those lots, which the court sustained; that the city's petition was dismissed, no appeal or writ of error was prosecuted to reverse the order of dismissal, and it is still in full force. The appellant also introduced a deed from the Catholic Bishop of Chicago conveying to it, for a consideration of $25,000, a part of the lots as to which objection was made, to be used and maintained as a public park. This was all of the evidence. The court ordered the assessment on the lots conveyed to the appellant reduced to nothing and confirmed the assessment on the other lots.

The city has not power to specially assess for a street improvement the lots owned by the appellee for park purposes. (*West Chicago Park Comrs. v. City of Chicago,* 152 Ill. 392; *Billings v. City of Chicago,* 167 id. 337.) The order quashing the assessment against those lots was right and is not complained of. The appellant has no interest in the other lots, and no right, therefore, to object to the assessment of them. The filing of the petition to condemn them gave the district no interest in the lots. It is only the final judgment fixing the compensation to be paid, and the payment of that compensation within the time fixed by the court, which can give the appellant any right or interest in the land. The pendency of the petition gives no more interest in the lots than the pendency of negotiations for the purchase of them. Both are methods of procuring title and neither gives any interest in the land until completed.

Since the appellant had no interest which authorized it to object, the court could make no other order than one confirming the assessment, and that order is affirmed.

*Judgment affirmed.*