## City of Middlesboro v. Evans et al.

(Decided May 28, 1935.)

ROBERT J. WATSON and CHARLES E. HERD for appellant.

W. E. CABELL, T. G. ANDERSON and ANDREW M. SEA, Jr., for appellees

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

The city of Middlesboro, a city of the third class, pursuant to section 3458, Kentucky Statutes, adopted ordinances for the construction of certain streets in the said city including lots 14, 15, and 16, block 12, section S. E., owned by the appellees J. E. Evans and his wife, Betty Evans. The improvement of the streets was made at the expense of the abutting property owners, and they accepted the privilege of paying on the ten-year payment plan accorded them by the statute. The appellees, Evans and his wife, made certain payments on the assessments against their property, but defaulted on the assessments due September 1, 1925, to September 1, 1932, both inclusive.

The appellant brought this suit to collect the unpaid assessments and to enforce the lien against the property of appellees as provided by the statute. The Louisville Title Company and the Title Insurance & Trust Company, receiver, and the National Bank of Middlesboro, had mortgage liens against the same property and were joint parties defendant to the action.

The defendants below, appellees here, among other things, pleaded and relied upon the five-year statute of limitations (Ky. Stats. sec. 2515) as a bar to plaintiff's action. The contention is that the action was brought more than five years after default of payment of the assessments due September 1, 1925, and therefore, the statute of limitations then began to run against all installments.

This question was presented in the case of City of Middlesboro v. Chas. Terrell et al., 259 Ky. 47, 81 S. W. (2d) 865, and decided by this court on December 11, 1934. In the Terrell Case, supra, the work was done pursuant to the same ordinances and contract, and under the same conditions as in the present case. In that case we held that the five-year statute of limitations was not available as a defense, and the opinion in that case obviates the necessity of again reviewing and discussing the same question in the present case. A reference to that opinion is sufficient.

However, in the present case, there is presented this additional question: The mortgagee lienholders, Louisville Title Company, etc., and the bank above named, insist that the exercise of the option of the ten-year payment plan by their codefendants, Evans and his wife, who were the mortgagors and holders of the legal title, does not bind or affect the interests of the mortgagees, and they have the right to make any defense to the claim of the appellant, including the defense of limitation.

It is insisted that the lienholders' mortgages creating their liens were of record prior to the attachment of the city's lien for the improvement, and for that reason the exercise of the option by the mortgagors and holders of the legal title, to pay on the ten-year payment plan, was not binding on the mortgagees. Section 3457, Kentucky Statutes, among other things, provides that the lien provided for therein "shall take prece-

dence over all other liens, whether created prior or subsequent to the publication of such ordinance, except state and county taxes, general municipal taxes and prior improvement taxes, and shall not be defeated or postponed by any private or judicial sale, or by any mortgage. * * *''

Thus it will be seen that it is immaterial whether the mortgages here in question were prior or subsequent to the ordinance creating the lien for the street improvement. Section 3458, Kentucky Statutes, gives any property owner the right or privilege to pay on the ten-year payment plan by signing the agreement provided by the statute. In our view, the words ''property owner,'' as used in the statute, means the holder of the legal title, as distinguished from mortgagees, and was not intended to include a mere lienholder. It will also be noticed that the statute, section 3458, provides that the life tenant may bind the remainderman by accepting the ten-year payment plan, which is a broader authority than in case of lienholders. A remainderman has a vested interest, whereas a mortgagee has a lien only to secure the payment of a debt. It is all based upon the principle that the street improvement enhances the value of the property in an amount at least equal to the cost of the improvements, and therefore increases the value of the security in case of lienholders, and the value of the estate in case of remaindermen. And furthermore, the statute, supra, goes even further. It authorizes guardians for infants, curators, committees for other persons under disability, to sign ten-year payment plans which will bind their wards, even without any order or judgment of the court authorizing them to do so. In view of the general authority given in all these respects, it would indeed require a far stretch of the imagination to conclude that because the Legislature did not in exact words provide that a mortgagor or holder of the legal title may or may not bind a mortgagee by accepting the ten-year payment plan, it intended to deny such right. We do not so construe the statute. However, the property owner's acceptance of the ten-year payment plan binds the mortgagee to the extent of 50 per cent. only of the value of the property. The reason for this is obvious. The lien accorded the bondholder and city by the statute does not exceed 50 per cent. of the value of the property, and therefore the property owner and city can contract only to the ex-

tent of the lien, but cannot go beyond the lien to the prejudice of lienholders. Stone v. City of Providence, 236 Ky. 775, 34 S. W. (2d) 244, 245; White Const. Co. v. Louisville Title Company, 258 Ky. 179, 79 S. W. (2d) 689.

Counsel for appellees rely upon the Stone Case and White Const. Co. Case, supra, as authority to support their contention that, the property owner cannot bind the mortgagee to any extent by accepting the ten-year payment plan. From the Stone Case, supra, they quote:

"We have been unable to find anything in the statutes which indicates that the Legislature intended that the lot owner, by taking advantage of the ten-year payment plan, could waive any rights that a *prior* mortgagee had. That section of the statutes creating the apportionment lien being the part of Kentucky Statutes, sec. 3563, which we have quoted above, specifically provides that, *to the extent the apportionment or assessment exceeds one-half of the value of the lot* upon which the assessment is made, it shall be void, and the board of council shall provide for the payment of any such excess out of the general fund. It is therefore apparent that the statute does not create a lien to pay for the improvement *except to the extent of one-half of the value of the lot,* and that the board of council must pay out of the general fund any excess of the cost over the one-half of the value of the lot. That part of the statutes providing for the waiver where the ten-year payment plan is taken advantage of, being a part of Kentucky Statutes, sec. 3575, simply provides that the property owner who exercises the option to pay in installments shall be concluded thereby, and shall not be permitted to set up any defense whatever against the payment of the tax. By the terms of the statute, it is only the property owner who is estopped to make a defense where he elects to pay on the ten-year payment plan. The statue does not purport to estop any one else *nor to extend or enlarge the lien which Kentucky Statutes, sec. 3563, creates* as against the claim of any one other than the property owner. The statute vests no authority in the property owner to waive any of the rights of the mortgagee, and, as such mortgagee under the statute has a superior lien *on*

*that part of the value of the lot which exceeds the* 50 *per cent.* allocated by the statute to the payment of the apportionment warrant where the ten-year plan is not taken advantage of, his rights are not affected, at least in the absence of some act on his part, by what the property owner does." (Our italics.)

Certain sentences or language, when standing alone in the above quotation, might indicate that the action of the property owners, in accepting the ten-year payment plan, could not bind the mortgagee in any respect; but from a reading of the whole opinion, it is obvious that the ratio decidendi of the opinions in each of those cases is that the property owner, by accepting the ten-year payment plan, could bind the mortgagee to the extend of 50 per cent. only of the value of the property, but insofar as the property owner and city attempted to bind the whole property for the street improvement, such action was void as to the amount over and above 50 per cent. of the value of the property, but valid to the extent of 50 per cent.

In the case at bar there is no allegation or contention that the lien asserted against the property exceeded 50 per cent. of its value. The only contention is that the property owner cannot bind the mortgagee to any extent—even to the 50 per cent. value of the property. This, we think, very clearly distinguishes the present case from the cases supra, relied on for appellee.

It is our conclusion, therefore, that the mortgagees are bound by the action of the property owner in accepting the ten-year payment plan.

Wherefore, the judgment is reversed for proceedings consistent herewith.