PENN MUTUAL LIFE INSURANCE COMPANY, APPELLANT, V. CITY OF OMAHA, APPELLEE.

FILED OCTOBER 25, 1935. NO. 29353.

*Sidney W. Smith* and *Weaver & Giller,* for appellant.

*Seymour L. Smith, A. C. R. Swenson* and *Harold C. Linahan, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

ROSE, J.

This is a suit in equity to cancel a municipal assessment of $12,357.21 for special benefits to real estate owned by plaintiff at the southwest corner of Twentieth and Dodge streets in the city of Omaha. The property of plaintiff has a frontage of 146 feet on Twentieth street and 198 feet on Dodge street, and was assessed for benefits accruing from a public improvement by which Twentieth street was widened from Dodge street to Leavenworth street. Without direct authority granted by a vote of the electors, the city council proceeded under the statute authorizing the improvement, if special benefits are found to equal 90 per cent. of the cost. Comp. St. 1929, sec. 14-358. The theory on which plaintiff seeks relief in equity is that the city council, in their plan for the improvement, included in the improvement district nonassessable public property without which only 88.6 per cent. of the cost could be exacted from private owners for special benefits and that consequently the assessment against the real estate of plaintiff is void for want of jurisdiction and for fraud.

To the petition defendant interposed a general demurrer which was sustained and the suit dismissed, plaintiff having refused to plead further. From the judgment of dismissal plaintiff appealed to the supreme court.

Under pertinent facts well pleaded in the petition and admitted by the demurrer, is plaintiff equitably entitled to a decree canceling the assessment of its property for special benefits? From the entire petition it is clear that lack of jurisdiction or perpetration of fraud invalidating the assessment is not well pleaded unless shown by general allegations that nonassessable public property was included in the improvement district, thus reducing the percentage of special benefits 1.4 per cent. below the statutory requirement of 90 per cent. to 88.6 per cent.

Under the right of eminent domain conferred by the city charter, the city council had power to widen Twentieth street. The amount of the appraised damages to property required for that purpose exceeded $100,000, and in that

event the council were empowered to make the improvement without a vote of the electors, if special benefits ascertained pursuant to statute equaled 90 per cent. of the cost. Comp. St. 1929, sec. 14-358. The petition shows that Twentieth street was in fact widened; that ordinances were passed pursuant to the plan of improvement adopted; that findings, appraisements and assessments were made; that assessments were equalized; that the board of equalization was a statutory tribunal to hear and determine objections and complaints relating to assessments. Plaintiff did not specifically deny knowledge or notice of the proceedings which are presumed to be regular in absence of facts showing the contrary, but alleged that other property owners obtained redress by presenting their grievances to the board of equalization.

It is alleged, however, that several itemized pieces of real estate belonging to the government or subdivisions thereof, which were not subject to assessments for special benefits, were included in the improvement district, thus invalidating the proceedings and assessment. In this connection plaintiff invokes statutory provisions to the effect that such property "shall not be subject to special assessment" and "shall not be counted in determining sufficiency of petition or protest." Comp. St. 1929, sec. 14-326. Reference is also made to section 14-533 of the same statute. The latter clause quoted appears applicable to procedure initiated by petition, but does not seem to apply to action taken by the council in the present instance without a petition, where the special benefits are found to equal 90 per cent. of the cost. Plaintiff has not pointed out a specific provision of statute prohibiting the inclusion of nonassessable public property in the improvement district for the purpose of estimating the necessary percentage of benefits accruing to property. If exempt property should have been excluded, the action of the council including it should be attributed to a mere irregularity or to an error of judgment or of law, rather than to intentional fraud defeating jurisdiction.

If the proceedings of the council invaded any property right of plaintiff, the latter had a remedy by appeal. Comp. St. 1929, sec. 14-539. Where special benefits are assessed by a valid ordinance, appeal is the exclusive remedy of property owners. Comp. St. 1929, sec. 14-538. The law was recently stated as follows:

"Where a property owner has notice that his property is to be assessed for benefits by reason of a public improvement, and the law affords him an opportunity to appear and protest, and, if aggrieved by the action of the authorities, to appeal to the courts, but neglects to avail himself of such provisions, he may not thereafter, in a collateral proceeding, attack the validity of such assessment, except for fraud, actual or constructive, a fundamental defect, or an entire want of jurisdiction." *Wead v. City of Omaha,* 124 Neb. 474. See, also, *Murphy v. Metropolitan Utilities District,* 126 Neb. 663.

It is not specifically alleged in the petition that plaintiff's property was not specially benefited to the extent of $12,357.21, the amount of the assessment. Neither plaintiff nor its predecessor in title made any timely objection to any of the proceedings, though there was a legal tribunal with power to grant proper relief. Plaintiff did not appeal from the assessment, but resorted to equity for a decree canceling it long after completion of the improvement, long after the receiving of the benefits and long after the assessment of other private property in the improvement district.

The better view of the petition, when considered with city ordinances and other proceedings of the city council pleaded and with the city charter, is that the suit is a collateral attack on the assessment which is not shown to be void. In this view of the petition, plaintiff is not entitled to relief in equity and the trial court did not err in sustaining the demurrer.

AFFIRMED.