In the Matter of the Petition of the Village of Long Grove, Illinois, for a Local Improvement, etc., Special Assessment No. I, Petitioner-Appellee, (Roy C. Anderson, et al., Objectors-Appellants).

Gen. No. 68–111.

Second Judicial District.

January 20, 1969.

Morrison and Nemanich, of Waukegan, for appellants.

M. R. Conzelman, of Waukegan, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

Roy C. Anderson, Bernard A. Raupp and Arthur Reimers, appeal from an order dismissing their objections to the petition of the Village of Long Grove for a Local Improvement and a Special Assessment thereunder without a hearing on the merits of the objections. The trial court found that there was no just reason for delaying enforcement or appeal of said order.

The objectors were not residents of the Village, nor was any of their property assessed in the Special Assessment proceedings. The sole issue is whether the owners of real estate located outside the corporate limits of a municipality but adjacent to a proposed public improvement have the right to file objections in Special Assessment proceedings, attacking its propriety and legality and claiming damages.

The appeal involves an interpretation of part of the Local Improvement Act, which is Ill Rev Stats 1967, c 24, § 9–2–55.[1] The objectors claim that the term "real estate

---

[1] "9–2–55 Objections. Any person interested in any real estate to be affected by an assessment, may appear and file objections to the report, by the time mentioned in the specified notice, or in case of incomplete notice then as specified in the last preceding section, or within such further time as the court may allow. The court may make such order in regard to the time of filing these objections as may be made in cases at law in regard to filing pleas, but no prior rule need be taken therefor unless directed by the court.

"As to all lots, blocks, tracts, and parcels of land, to the assessment of which objections are not filed within the specified time, or such other time as may be ordered by the court, default may be

affected" as set out in the statute includes real estate which may be damaged by the Local Improvement; and that owners of real estate which is located outside the corporate limits of a municipality whose properties may be damaged by a proposed public improvement have a constitutional and statutory right to object in the Special Assessment proceedings. The Village contends that the only person who may object is one who is assessed in the proceedings; that persons who are not residents of the Village and who own no real estate being assessed have no standing to file objections.

The objectors are property owners whose properties are located outside of the Village limits, but which abut on the boundaries of a proposed sewer plant, which facility does not serve them.

We find that the objectors have no standing in the proceeding below and that their objections were properly dismissed by the trial court without a hearing on the merits.

 The Local Improvement Act constitutes a complete code or plan governing the making of local improvements and the statute must be followed strictly in order to give the court jurisdiction to enforce the collection of the assessments. City of Chicago v. Jerome, 301 Ill 587, 590, 134 NE 92 (1922) ; In re Village of Westchester v. Williamson, 61 Ill App2d 25, 31, 208 NE2d 879 (1965). A local improvement is a public improvement which, by reason of its being confined to a locality, enhances the value of adjacent property, as distinguished from benefits diffused by it throughout the municipality; and the test as to whether such an improvement is local is whether it specially benefits the *property assessed.* Loeffler v. City of Chicago, 246 Ill 43, 52, 92 NE 586 (1910). A special assessment judgment is a judgment in rem against

entered, and the assessment may be confirmed by the court, notwithstanding the fact that objections may be pending and undisposed of as to other property."

the property finally assessed. Gibler v. City of Mattoon, 167 Ill 18, 20, 47 NE 319 (1897).

In order to give the objectors standing to object in this proceeding, they would have us read section 9-2-55 of the Local Improvement Act (supra) so that the term "affected by an assessment" would be interpreted to mean "affected *or damaged* by an *improvement.*" In view of the nature and purpose of the Local Improvement Act, such an interpretation would do complete violence to and be repugnant to the statutory language. The default provisions in the second paragraph of the same section are also framed with reference to the property named in the *assessment.* Section 9-2-47 of the Act (Ill Rev Stats 1967, c 24) provides for the sending of notices to persons paying the taxes on the respective parcels *assessed* in the assessment roll.

Nor can the objectors properly rely upon section 9-2-24 of the Act (Ill Rev Stats 1967, c 24) for their position that "affected" also includes "or damaged." For that section refers only to a situation where property must be taken or damaged for an improvement, in the nature of condemnation, and has no relevance to the facts here in which the property on which the sewer plant is to be located is already owned by the Village. In this case no land of the objectors is being taken.

That standing to object is based upon ownership of property assessed is further made clear by the case of City of Chicago v. Ridge Park Dist., 317 Ill 123, 125, 147 NE 803 (1925). There, the filing of a petition to condemn certain lots short of the actual acquisition of the property by the Park District was held to give the District insufficient interest to object to an assessment.

In Gibler v. City of Mattoon (supra, page 21), persons who were not shown by the record to be property owners of the property on the assessment roll were held to have no standing to object and were characterized by the court as "mere intermeddlers."

424

The objectors have cited the case of City of Chicago v. Sanitary Dist. of Chicago, 272 Ill 37, 111 NE 491 (1916), but this is an Eminent Domain case involving the right of the City to condemn the property in a Sanitary District, and we find no relevance to the present case. Objectors also cite the case of Gorin v. McFarland, 80 Ill App2d 398, 224 NE2d 615 (1967). This involved the construction of a charitable trust and there was no question that the defendant was a proper party and had standing to file the motion to dismiss. Again we do not find that this is any authority for the position taken by the objectors here.

The objectors argue that the effect of the trial court's action in refusing to allow their intervention in the present proceedings is to deprive them of a remedy to right a wrong which may be suffered by them because of the location, design or operation of the sewer plant, contrary to various constitutional provisions. We do not perceive that the ruling below has that effect. If the objectors are aggrieved or become aggrieved they are not deprived by this proceeding of any rights which they may have to redress those grievances. They merely do not have a standing to use the special statutory proceedings involved here as a forum for urging wrongs or remedies.

We, therefore, affirm the judgment of the court below.

Affirmed.

ABRAHAMSON and DAVIS, JJ., concur.