In the Matter of the Petition of the City of Waukegan, Lake County, Illinois, To Levy a Special Assessment for a Local Improvement To Be Known as City of Waukegan Special Assessment No. 1046, Petitioner-Appellee, v. Joseph J. Drobnick, and the First National Bank of Waukegan, as Trustee Under Trust No. 616, Objectors-Appellants.

Gen. No. 70–92.

Second District.

May 28, 1970.

Mark Drobnick, of Waukegan, for appellants.

Runyard, Behanna, Conzelman, Schultz & O'Meara, of Waukegan, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

The City of Waukegan filed a petition for Special Assessment Project No. 1046, pursuant to a duly adopted ordinance recommended by the Board of Local Improvements, gave all notices, and conducted all hearings required by law. The Board approved the estimated costs of the improvement and the petition accurately described the tracts and parcels of land which may be taken or damaged by the improvement. The petition prayed that, pursuant to statute, commissioners be appointed to ascertain the just compensation to be paid for the property taken or damaged for the improvement, to ascertain the property which will be benefited by the improvement, the amount of the benefit, and to levy a Special Assessment to pay the cost of the improvement and for the property taken or damaged.

Plans and specifications for the improvement were filed by the petitioner on January 12, 1970, and an order authorizing the levy of a special assessment, appointing commissioners and directing that report of property taken or damaged and an assessment roll be filed, was entered January 13, 1970. The commissioners filed their respective oaths, and on January 23, 1970, filed their Report of Property Taken or Damaged and of Property Assessed; and on that date, the court entered an order

setting this report for hearing on February 18, 1970. Summons were issued pursuant to this order, returnable on February 18, 1970, at 10:00 a. m., and were duly served.

The commissioners filed their affidavit of mailing notice to each person, firm or corporation paying taxes during the last preceding year on the property shown on the assessment roll and report, all as required by statute.

Thereafter, on February 18, 1970, an order of confirmation was entered in this proceeding, and on this date, subsequent to the entry of this order, American National Bank & Trust Company of Waukegan, Trust No. 109, by Richard J. Drew, its attorney, filed objections to the order of confirmation, which recited that there was no necessity for the proposed improvement, that the petitioner made no bona fide offer or tender of compensation in writing for the easement described in the petition, and that the value set forth in the report for the permanent easement is grossly inadequate, and the ordinance unreasonable and void.

Similar objections were filed by Joseph J. Drobnick and the First National Bank of Waukegan, as Trustee under Trust No. 616.

Counsel for the City filed its Notice of Motion and Motion to Dismiss the Objections, and set said objections for hearing on February 24, 1970. The motion recited that none of the property of any of the objectors was proposed to be assessed in this proceeding; that none of the objectors were persons interested in any real estate to be affected by any assessment within the meaning of section 9-2-55 of chapter 24 of Ill Rev Stats, and that the objectors have no standing to file an objection in the proceeding since none of their property is being taken, affected or assessed by this proceeding.

On February 24, 1970, the court ordered that the American National Bank and Trust Company of Waukegan, as Trustee under Trust No. 109, be given leave to

withdraw its objections, and that the objections of Joseph J. Drobnick and the First National Bank of Waukegan, as Trustee under Trust No. 616, be dismissed. The order recited, among other things, that the court had jurisdiction of the parties and the subject matter; that none of the objectors herein own any property proposed to be assessed in this proceeding; and that none of the objectors are persons interested in any real estate to be affected by any assessment within the meaning of the statute. The order also ratified and confirmed the proceeding in all respects.

The First National Bank of Waukegan, as Trustee under Trust No. 616, and Joseph J. Drobnick, have appealed from this order and the City has filed its notice of election to proceed notwithstanding the appeal.

No testimony was offered in this proceeding, and the record filed herein consists of the pleadings and instruments filed herein; and a subsequent order entered herein recited that there is no just reason to delay the filing of this appeal.

The City has filed in this court a motion to dismiss this appeal in that the objectors-appellants are not parties to this proceeding and are neither interested in any real estate to be affected by the assessment, nor are they owners or parties interested in any land taken, damaged or assessed herein. Objections to this motion were filed by the objectors-appellants, which asserted that the Local Improvements Act has been violated, and specific alleged violations are listed. Many matters debors the record are referred to in these objections.

We set this motion and the objections thereto for oral argument pursuant to Supreme Court Rule 361(b)(2), (Ill Rev Stats, c 110A, par 361(b)(2) (1969)).

The pertinent statutory provisions are:

(A) Section 9–2–55, c 24, Ill Rev Stats 1969:

"OBJECTIONS. Any person *interested in any real estate to be affected by an assessment,* may appear and file objections to the report, by the time mentioned in the specified notice, or in case of incomplete notice then as specified in the last preceding section, or within such further time as the court may allow. The court may make such order in regard to the time of filing these objections as may be made in cases at law in regard to filing pleas, but no prior rule need be taken therefor unless directed by the court.

"As to all lots, blocks, tracts, and parcels of land, to the assessment of which objections are not filed within the specified time, or such other time as may be ordered by the court, default may be entered, and the assessment may be confirmed by the court, notwithstanding the fact that objections may be pending and undisposed of as to other property." (Emphasis Ours.)

(B) Sections 9–2–140, c 24, Ill Rev Stats 1969:

"APPEALS. Appeals from final judgments or orders of any court made in the proceedings provided for by this Division 2, may be taken in the manner provided in other civil cases, *by the municipality or by any of the owners or parties interested in land taken, damaged, or assessed therein.* However, no appeal may be taken after 30 days from the entry of the final judgment or order. Such an appeal may be prosecuted jointly, and upon a joint bond, or severally, and upon several bonds, as may be specified in the order fixing the amount and terms of such bonds." (Emphasis Ours.)

This local improvement consists of the construction of water mains to serve a newly annexed area on the

westerly limits of the City of Waukegan where Lakehurst Shopping Center, a large development, is under construction.

In re Petition of Village of Long Grove, 104 Ill App2d 421, 244 NE2d 218 (1969), the objectors did not own any property assessed by the special assessment proceeding, but their land was contiguous to such land upon which the Village was constructing a sewage treatment plant. The objectors alleged that their land would be damaged even though they were not assessed and that their property was thus affected by the proceeding, pursuant to section 9–2–55 of chapter 24, Ill Rev Stats 1969. At page 424 we stated that standing to object is based upon ownership of property assessed, and cited City of Chicago v. Ridge Park Dist., 317 Ill 123, 125, 147 NE 803 (1925), as authority for this assertion.

The question also arose in Gibler v. City of Mattoon, 167 Ill 18, 47 NE 319 (1897), where the court held that persons who are not shown by the record to be the owners of any property which was assessed had no standing to object in the proceeding. At pages 19 and 20, the court stated:

> "The judgment is a judgment in rem, and not against persons, and it is a several judgment as against each tract or parcel of land for the amount shown by the judgment to have been finally assessed against it. No property owner or other person can assign as error any act of the court in rendering judgment, or in any step of the proceedings culminating in final judgment, against any tract or parcel of land in which he has no interest,—and this is upon the principle often announced, that a party cannot assign for error that which concerns another but which does not injuriously affect him."

■ Thus, both Illinois case law and statutes reflect that objectors to a special assessment proceeding must be interested in the real estate to be affected by the proceeding, and that only the municipality or an owner or party interested in the land taken, damaged or assessed therein may appeal from final judgments or orders in such proceedings.

■ For the foregoing reasons, the appeal herein is dismissed.

Appeal dismissed.

ABRAHAMSON and SEIDENFELD, JJ., concur.