BURLINGTON NORTHERN, INC., APPELLEE, V. CITY OF
McCOOK, DON BLANK, MAYOR, AND BETTY COUFAL,
CITY CLERK AND TREASURER, APPELLANTS.

283 N. W. 2d 380

Filed September 18, 1979. No. 42153.

Keith Sinor, for appellants.

Knudsen, Berkheimer, Endacott & Beam, for appellee.

Heard before BOSLAUGH, McCOWN, BRODKEY, and WHITE, JJ., and KNAPP, District Judge.

Knapp, District Judge.

This action in equity was brought by plaintiff to have a special assessment upon its real estate in sewer district No. 47 of the City of McCook declared void and collection thereof enjoined upon the grounds that defendants had failed to comply with certain of the statutes governing formation of sewer districts, thus rendering the assessment fundamentally and jurisdictionally deficient, and that the sewer system as constructed does not benefit the plaintiff to any extent approaching the assessment, and that therefore the levy of the assessment is arbitrary and constitutes a constructive fraud upon the plaintiff.

The trial court found for plaintiff upon both of its positions and granted the relief prayed. Defendants appeal, assigning essentially that the decision is not sustained by sufficient evidence and is contrary to law. We affirm.

The principles governing this appeal include several of those restated in Nebco, Inc. v. Speedlin, 198 Neb. 34, 251 N. W. 2d 710. We there held a property owner may collaterally attack a special assessment only for fraud, actual or constructive, a fundamental defect, or a want of jurisdiction; a property owner who attacks a special assessment as void has the burden of establishing its invalidity; special assessments are charges imposed by law on land to defray the expense of a local municipal improvement on the theory that the property has received special benefits from the improvements in excess of the benefits accruing to property or people in general.

Further, where the physical facts are such that the property was not and could not have been specially benefited in any amount or could not have benefited to any extent approaching the amount of the assessment, the levy of assessment is then arbitrary and constructively fraudulent and therefore void and subject to collateral attack. Chicago &

N. W. Ry. Co. v. City of Omaha, 156 Neb. 705, 57 N. W. 2d 753.

The record, examined de novo, shows that sewer district No. 47 was created by an ordinance passed on October 9, 1972. The district was bounded on the east by First Street extended, on the west by Beal Street, on the south by the south line of the residential lots on the south side of South Street, and on the north by a line 1,000 feet north of and parallel to the north right-of-way line of South Street. The residences on the south side of South Street had been served by septic tanks and cesspools, the frequent overflowing of which gave rise to the creation of the sewer district.

The properties north of South Street and included within the district were industrial in nature, consisting of a total of 66.59 acres divided into nine tracts of from 2.17 acres to 28.73 acres, the largest tract being the property of plaintiff. Plaintiff's tract was served by a private sewer line installed by it some years prior to the creation of sewer district No. 47.

The district's northern boundary line, 1,000 feet north of and parallel to South Street, was set arbitrarily. No topographical, geographical, or functional basis exists justifying or explaining the 1,000-foot requirement. The record contains no hint as to how the northern boundary was determined nor, indeed, by whom it was determined. However, whatever the reason might have been, the effect was to shift the major costs of the sewer system from the residential owners to the industrial owners - from those most benefited to those least benefited.

Although defendant city's engineers testified that they had intended to allocate the assessable costs to the property owners on the basis of 50 percent for front footage and 50 percent for area, the assessments as actually spread were on a 43 percent front footage and a 57 percent area basis. The district, when completed, contained approximately 5,200 feet

of sewer line. Of this, only 110 feet was laid in a street abutting plaintiff's industrial property. The balance of plaintiff's 28.73 acres cannot be adequately served by the system as constructed.

Special assessments in sewer district No. 47 totaled $54,830.84. Of this, plaintiff was assessed $13,684.43, almost one-fourth of the total.

On this evidence, the trial court found, and we concur, that the sewer system was designed to benefit the residential owners and not the industrial owners and that plaintiff's property was not and could not have been benefited to any extent approaching the amount of the assessment. That being so, the levy of assessment complained of is arbitrary, constructively fraudulent, and therefore void. Therefore, we need not address the issue of whether or not sewer district No. 47 was created in conformity with the applicable statutes.

AFFIRMED.