DENNIS HARTFORD, APPELLANT, V. WOMENS SERVICES, P.C., APPELLEE.
477 N.W.2d 161

Filed November 22, 1991.    No. 89-690.

Peter C. Bataillon, of Sodoro, Daly & Sodoro, and Kelly K. Duncan, of Rutherford Institute of Nebraska, for appellant.

Lawrence I. Batt and Thomas P. Kenny, of Batt & Brodkey, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Dennis Hartford appeals the trial court's refusal to enjoin the watering of an Omaha medical clinic's lawn while Hartford demonstrates against abortion outside the clinic. We affirm the ruling of the district court for Douglas County.

The appellant argues that the Womens Services, P.C., medical clinic is sprinkling the public sidewalks by turning on its automatic sprinkler system every morning, thereby creating a nuisance which interferes with his right to free speech.

Appellee is an obstetric and gynecologic clinic which is housed in a building owned by the sole shareholder of the clinic. Abortions are among the medical services it offers. The clinic is located at the corner of Douglas and 46th Streets in Omaha. The clinic is bounded by Douglas Street on the north and 46th Street on the west. The building is set back from both streets. Private parking lots are located on both the north and the south sides of the building. There is lawn to the west of the structure. Public sidewalks are along the north and west perimeters of the lot, edging the northern parking lot and the lawn. There are strips of lawn between the sidewalks and the curbing.

The entrance to the clinic's building is on the west side, with a private walkway giving access across the lawn from the 46th

Street sidewalk. There is also access from the parking lots to the porch, immediately in front of the entrance. Patients may use either the private walkways to the entrance from the parking lots or the public sidewalk which parallels 46th Street. Picketers are restricted to the public sidewalk area.

An automatic sprinkler system waters the lawn between approximately 7:15 and 8:30 every morning between April and October. Four separate cycles operate at intervals, each watering a separate portion of the lawn. The clinic director testified that depending on the time of year, each cycle was set to operate for 10 to 15 minutes. Hartford testified that each of three cycles operate separately for 20 minutes and that the fourth cycle "doesn't always work." Only one cycle operates at a time. At no time are all sections of the lawn watered simultaneously.

When each unit of the system is in use, the sidewalk bordering that section of the lawn being watered gets wet. Of course, anyone and anything on the sidewalk bordering the section being sprinkled at the time will also get wet. At oral argument, Hartford conceded that only about 10 percent of the sidewalk on the 46th Street side of the building gets wet at any one time.

Hartford regularly prays and demonstrates against abortion outside the clinic once a week. He pickets the clinic's abortion practices, hands out literature, and gives advice regarding abortion alternatives to any woman about to enter the clinic who is willing to listen to him. He speaks loudly in order to be heard by the women entering the clinic. As stated, Hartford usually goes to the clinic once a week, between 7:15 and 8:30 a.m. He believes that this is the time when women visit the clinic for abortion procedures. Hartford considers that to be the time when he has the best chance of being the most effective in his attempt to dissuade women from having abortions.

The appellant testified that the spray from .the water sprinklers, which at times is 5 feet high, inhibits him from standing on the public sidewalk in front of the clinic. He testified that he and his literature get wet and that he is forced into the street to stay dry, thereby endangering his safety and making it more difficult than normal to speak to the women

who are entering the clinic.

Hartford asked Womens Services, P.C., to water its lawn at a different time or to water it in such a way that the sidewalks remain clear and dry. The clinic refused. The appellant complained to the Omaha city prosecutor's office and asked that charges be brought against the clinic for violation of Omaha Mun. Code, ch. 18, art. I, § 18-4 (1975) (creation or maintenance of a nuisance) and Omaha Mun. Code, ch. 20, art. III, § 20-44 (1967) (obstructing public ways). That office refused to prosecute. Thereafter, Hartford filed an amended petition in the district court for Douglas County praying for an injunction prohibiting the clinic from watering its lawn when the appellant was using the sidewalk for the purposes already enumerated. Hartford contended that the clinic's watering practices constitute a nuisance and restrict his freedom of speech and assembly and his right to demonstrate.

The district court denied Hartford's request for injunctive relief. It found that the appellant lacked standing as a private individual to maintain an action for nuisance, since the injury he suffered was not different and distinct from that suffered by the general public.

Hartford appeals the trial court's denial of injunctive relief, arguing that the district court erred (1) in determining that the harm suffered by the appellant was identical to that suffered by all persons who used the public sidewalk and (2) in not finding that the appellee's actions were in violation of Neb. Rev. Stat. §§ 20-123 and 20-124 (Reissue 1987), which Hartford claims protect him from interference with his right to free speech.

On appeal, Hartford still seeks only injunctive relief. An action for injunction sounds in equity. In an appeal of an equity action, this court tries factual questions de novo on the record and reaches a conclusion independent of the findings of the trial court; provided, where the credible evidence is in conflict on a material issue of fact, we consider and may give weight to the fact that the trial judge heard and observed the witnesses and accepted one version of the facts rather than another. *State ex rel. Spire v. Strawberries, Inc., ante* p. 1, 473 N.W.2d 428 (1991).

Neb. Rev. Stat. § 14-102(12) (Reissue 1987) vests in public

officials of cities of the metropolitan class the power to provide for keeping sidewalks clean and free from obstructions and accumulations. Omaha is a city of the metropolitan class. Neb. Rev. Stat. § 14-103 (Reissue 1987) gives the city council of a metropolitan class city the power to define, regulate, suppress, and prevent nuisances. Neb. Rev. Stat. § 18-1720 (Reissue 1987) gives all cities and villages in Nebraska the power and authority by ordinance to define, regulate, suppress, and prevent nuisances; to declare what shall constitute a nuisance; and to abate and remove the nuisance.

Omaha Mun. Code, ch. 18, art. I, § 18-2, in relevant part, has defined a nuisance as being

> any person doing an unlawful act, or omitting to perform a duty, or suffering or permitting any condition or thing to be or exist, which act, omission, condition or thing either:
>
> (a) Injures or endangers the comfort, repose, health or safety of others; or
>
> . . . .
>
> (d) Unlawfully interferes with, obstructs or tends to obstruct or renders dangerous for passage any public or private street, highway, sidewalk, stream, ditch or drainage . . . .

In order for a private individual to maintain an action to enjoin a public nuisance, that individual must show that he suffers some peculiar or special injury not common to the general public. A private individual may not maintain an action to prevent or suppress a public nuisance unless that individual will sustain or has sustained some special injury therefrom distinct and different in kind from that which the individual will or does suffer in common with the rest of the public. *Schroder v. City of Lincoln*, 155 Neb. 599, 52 N.W.2d 808 (1952). That case involved the obstruction of a public sidewalk in the city of Lincoln by a bank that had gained permission from the city to set up a curb teller machine on the sidewalk east of the bank. Schroder, as an individual citizen, sued on his own behalf, claiming he had an interest in keeping the sidewalks free from public nuisances. He alleged no special interest, right, or injury differentiating him from the general public. The court found that it was the duty of the city to maintain the action to keep the

sidewalks clear and that Schroder had no authority to bring the action.

Hartford claims to have an interest which brings him to that portion of the public sidewalk bordering the women's clinic more often and with an interest greater than that of the general public. Hartford concludes, therefore, that when that sidewalk is obstructed, he suffers a special injury distinct and different in kind from the general public. *Schroder v. City of Lincoln, supra* at 606, 52 N.W.2d at 812, specifically holds:

"It is a general rule that a public nuisance does not furnish grounds for an action in equity by an individual who merely suffers an injury which is common to the public. . . . [T]he mere fact that [a] plaintiff uses that street more frequently than others of the public and may suffer more from the alleged nuisance than others does not present a distinct injury. [Such plaintiff's] injury is the same in character as that which the public will suffer. The only difference is one of degree, and not of kind."

Under the above analysis, Hartford's injury, if any, is no different from that experienced by any other person using the sidewalks bordering the women's clinic. Consequently, he does not have a private right of action in nuisance against the clinic. Hartford's first assignment of error is without merit.

Hartford also argues that he is entitled to an injunction under §§ 20-123 and 20-124. Section 20-123 provides:

It is the intent, purpose, and public policy to protect, preserve, and perpetuate the constitutional right to freely speak, write, and publish on all lawful subjects, including the right to make a comprehensive distribution of such printed materials, either commercial or noncommercial, by using the most effective lawful means or methods, and being responsible for any damages.

As far as relevant here, § 20-124 provides:

Any individual, corporation, or municipality that attempts to interfere with or restrain the exercise of the freedoms referred to in [§] 20-123 . . . either by ordinance or otherwise, shall be guilty of a misdemeanor and upon conviction thereof shall be fined in an amount not exceeding one hundred dollars, or be imprisoned for a

period not exceeding six months, or be both so fined and imprisoned, and shall stand committed until such fine and costs of prosecution are paid. Each day such violation is committed or permitted to continue shall constitute a separate offense and shall be punishable as such hereunder.

When the facts justify it, injunctive relief may be granted to protect the right of an individual to exercise that individual's first amendment right of free speech. See *ACORN v. City of Frontenac*, 714 F.2d 813 (1983). See, also, *Chicago Area Military Project v. City of Chicago*, 508 F.2d 921 (1975). However, the facts in this case do not justify granting Hartford that type of relief. An injunction is not wholly a writ of right. *Richardson v. Kildow*, 116 Neb. 648, 218 N.W. 429 (1928). Injunction is an extraordinary remedy and ordinarily will not be granted except in a clear case where there is an actual and substantial injury; the right must be clear and the damage irreparable. *City of Lincoln v. Cather & Sons Constr., Inc.*, 206 Neb. 10, 290 N.W.2d 798 (1980).

In this case, Hartford has not proved an actual and substantial injury. If anything, he has proved only the minor inconvenience of relocating his speaking "platform" a short distance from time to time. The conduct of the women's clinic in watering its lawn has not shut down Hartford's access to the women visiting the clinic. He is not made to leave the area. By his admission in open court, Hartford has conceded that at any given time approximately 90 percent of the sidewalk on the 46th Street side of the clinic is available for him to pray and to speak and demonstrate against abortion. The record reflects that virtually all of the sidewalk bordering the clinic on the Douglas Street side of the clinic is available to Hartford for these purposes. He is not prevented from speaking to any woman who shows an interest in listening to him. Hartford is not guaranteed an audience under the federal or state Constitutions, only a reasonable opportunity to speak. The actions of the clinic do not deprive him of that opportunity. Hartford has not proved substantial injury, and he is not entitled to an injunction prohibiting the clinic from watering its lawn in the manner that it has in the past.

In conclusion, Hartford has no standing to assert damages under a public nuisance theory, and he has not proved a substantial injury. The refusal of the trial court to issue an injunction in this case must be affirmed.

AFFIRMED.