COUNTY OF RED WILLOW, NEBRASKA, APPELLEE, V. CITY OF MCCOOK, NEBRASKA, A MUNICIPAL CORPORATION, APPELLANT, JAMES E. SCHNEIDER, PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSEPH L. CONROY, DECEASED, ET AL., APPELLEES.

499 N.W.2d 531

Filed May 7, 1993.   No. S-90-1266.

Daylene A. Bennett, of Burger, Bennett & Green, P.C., for appellant.

James E. Schneider, of Schneider & Griffin, P.C., pro se.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, FAHRNBRUCH, and LANPHIER, JJ.

Hastings, C.J.

The City of McCook appeals a judgment of the district court holding that its special assessment for paving along the front of a portion of Block 22, Four Corners Addition to the City of McCook, Nebraska, was void. We vacate the judgment and remand the cause with directions.

This action was commenced on May 3, 1989, by the plaintiff, County of Red Willow, to foreclose upon certain tax sale certificates. MIC Enterprises, Inc., a now dissolved corporation, was the owner of record of the subject real property.

Appellant, the City of McCook, was the owner of a lien for special assessments against the real property, levied March 1, 1982. MIC Enterprises did not contest the assessment, either in compliance with Neb. Rev. Stat. §§ 14-548 and 14-813 (Reissue 1991) or otherwise.

Appellee James E. Schneider, personal representative of the estate of Joseph L. Conroy, deceased, was the owner and holder of a real estate mortgage on the property which was recorded on September 7, 1983. Schneider and the City of McCook are two of the multiple defendants possessing an interest in the real estate involved.

In December 1980, the City of McCook passed and the following month duly recorded ordinance No. 1587, which created paving district No. 332. This paving district included the following-described real estate which is the subject of this action:

> [A part of Block 22, Four Corners Addition to the City of McCook, Red Willow County, Nebraska, more particularly described as a] tract commencing at the intersection of the west line of U. S. Highway No. 83 and the north line of "J" Street West; thence West along the north line of "J" Street West a distance of 441 feet to a point; thence North 150 feet to a point; thence East along a line parallel to and 150 feet North of the north line of "J" Street West to the west line of U. S. Highway No. 83; thence South to the point of beginning.

The MIC Enterprises property described above, which is the subject of this action, is situated at the northwest corner of the

intersection of U.S. Highway 83 north and West J Street in McCook.

In January 1982, assessments were fixed on the paving district. The Conroy estate, more than a year later, on August 31, 1983, accepted from MIC Enterprises and recorded a mortgage on the property. The county's attorney, who was also the abstractor who performed the title search for the Conroy estate, had signed a Nebraska Uniform Abstracter's Certificate on March 29, 1982, covering the subject property, which certificate bore the notation "Special Assessments: None." The abstract did not disclose the existence of the paving district, which, however, was a matter of record.

In 1989, the County of Red Willow filed this action to foreclose certain tax sale certificates for general taxes, and the City of McCook was both a party defendant and cross-petitioner because of the unpaid inferior lien for special assessments, which amounted to $24,534.35, including interest, as of January 1990.

In its answer and cross-petition, the City of McCook alleged the levy and assessment of special assessments in paving district No. 332 in the amount of $13,305.72; that the amount then due, including interest accrued to May 31, 1989, was $22,708.27; that the owner of record title to the real estate involved was defendant MIC Enterprises; and that the special assessments constituted a lien on said real estate inferior only to the lien of general real estate taxes. The city prayed for an accounting of the amount due on said special assessment and, upon failure of the defendant MIC Enterprises to pay the amount found due, that the city's lien be foreclosed.

Appellee Schneider, personal representative of the estate of Joseph L. Conroy, who, it had been alleged in the petition of the County of Red Willow, was the owner and holder of the mortgage previously alleged, filed his answer to the City of McCook's cross-petition, alleging that the subject property was not specially benefited to the extent of the levy imposed by the City of McCook and that the levy was therefore arbitrary, constructively fraudulent, and void.

In its reply to Schneider's answer, the City of McCook alleges that Schneider lacks standing to participate in these

proceedings because he is not a real party in interest and that his action is barred by the doctrine of res judicata, there having been no timely appeal of the levy as provided for by Neb. Rev. Stat. § 19-2423 (Reissue 1991).

Trial was had, and there was considerable evidence adduced as to the issue of benefits to the property, which we need not examine because we decide this case on the issue of standing.

The district court found generally in favor of the plaintiff, County of Red Willow, holding that the county's taxes on the property in question had been duly and legally assessed; that the taxes had been allowed to become delinquent prior to the filing of the petition, remained so on the date of the decree, and had not been discharged by the defendants or anyone having an interest in the real estate; and that the county was entitled to a foreclosure of respective liens of the various defendants for the amounts due thereon: $781.67 per defendant for the county taxes and interest and $78.17 (10 percent of the amount due) per defendant for attorney fees.

The court further found that the special assessments against the property were void, as the property could not be specially benefited by the paving of the street. The City of McCook appeals.

For the purpose of this opinion, we consider the errors alleged by the City of McCook to be that the district court determined that a mortgageholder has standing to collaterally attack a special assessment against real property and that a mortgageholder who obtains an interest in the subject property after the assessment and recording thereof may still have standing to collaterally attack a special assessment.

The City of McCook asserts, first, that as a general matter of law, a mortgageholder has no standing to collaterally attack a special assessment and, second, that even if a mortgageholder has a general standing to collaterally attack a special assessment, that mortgageholder must have acquired an interest in the subject property prior to the assessment and recording thereof. Thus, the city contends, the Conroy estate did not have standing to collaterally attack the city's special assessment.

The city is accurate in its assertion that the right to

collaterally attack a special assessment on the basis of fraud, fundamental defect, or lack of jurisdiction is extended only to owners of the affected real property. See, *Grube v. City of Ogallala*, 223 Neb. 640, 392 N.W.2d 380 (1986); *Nebco, Inc. v. Speedlin*, 198 Neb. 34, 251 N.W.2d 710 (1977); *Midwest Development Corp. v. City of Norfolk*, 192 Neb. 475, 222 N.W.2d 566 (1974); *Wead v. City of Omaha*, 124 Neb. 474, 247 N.W. 24 (1933).

A *property owner* may collaterally attack a special assessment only for the limited purposes of fraud, actual or constructive, a fundamental defect, or want of jurisdiction. *North Platte, Neb. Hosp. Corp. v. City of North Platte*, 232 Neb. 373, 440 N.W.2d 485 (1989); *Grube v. City of Ogallala, supra*. The *property owner* who attacks a special assessment as void has the burden of establishing its invalidity. *Grube v. City of Ogallala, supra*; *Burlington Northern, Inc. v. City of McCook*, 204 Neb. 543, 283 N.W.2d 380 (1979). Where it is alleged and proven that the physical facts are such that the property was not and could not be specially benefited, the levy may be held to be arbitrary, constructively fraudulent, and therefore void, and may be subject to collateral attack. *North Platte, Neb. Hosp. Corp. v. City of North Platte, supra*; *Grube v. City of Ogallala, supra*; *Nebco, Inc. v. Speedlin, supra*; *Midwest Development Corp. v. City of Norfolk, supra*; *Wead v. City of Omaha, supra*.

The record owner of the property, MIC Enterprises, has effectively been eliminated from these proceedings through default judgments and is no longer an active part of this appeal. As owner, the now dissolved corporation retains, at least in theory, its right of redemption, but for all practical purposes is merely an observer in this controversy. Mortgagee Conroy estate's interest in the property as a lienholder is junior to the county's tax certificates. The estate took its interest in the property subject to the assessment, and despite the fact that the abstractor failed to find and disclose the encumbrance of the special assessment, such was a matter of public record, and the mortgagee must be held to constructive notice of the city's assessment.

All persons claiming an interest in or lien upon real estate are

bound to take notice of the recitals in a duly recorded deed in the chain of title of their grantor. *Albers v. Kozeluh*, 68 Neb. 522, 94 N.W. 521 (1903); *Hubbard v. Knight*, 52 Neb. 400, 72 N.W. 473 (1897).

Where a property *owner* has notice that his property is to be assessed for benefits by reason of a public improvement, and the law affords him an opportunity to appear and protest and, if aggrieved by the action of the authorities, to appeal to the courts, but he neglects to avail himself of such provisions, he may not thereafter, in a collateral proceeding, attack the validity of such assessment, except for fraud, actual or constructive, a fundamental defect, or entire want of jurisdiction. *Penn Mutual Life Ins. Co. v. City of Omaha*, 129 Neb. 733, 262 N.W. 861 (1935); *Wead v. City of Omaha, supra.* See *Nebco, Inc. v. Speedlin, supra.* Since the property owner (MIC Enterprises) did not avail itself of the opportunity to appeal through the statutory provisions of §§ 14-548 and 14-813, it is necessary to question whether the mortgagee qualifies as a "property owner." In *First Federal v. West Richland*, 39 Wash. App. 401, 693 P.2d 171 (1985), the Washington Court of Appeals held that under Washington's lien theory laws, a security interest in a leasehold estate was not sufficient to constitute "property ownership" for the purpose of entitling the lienor to object to a local improvement district (LID) assessment. The Washington statute, while not limiting who may object to the imposition of an assessment, permitted only "owners" of an affected property to prevent a city from proceeding with a LID assessment. The court hinged its decision upon the holdings of several courts:

> In *Gibler v. Mattoon*, 167 Ill. 18, 47 N.E. 319 (1897), it was held that a special assessment judgment is a judgment in rem against the property assessed; and, as such, persons who are not shown by the record to be the owners of that property have no standing to object. *Accord, Waukegan v. Drobnick*, 123 Ill. App. 2d 465, 259 N.E.2d 402 (1970). In *Middlesboro v. Evans*, 261 Ky. 303, 305, 87 S.W.2d 352, 353 (1935), that court held the term "property owner" as used in a Kentucky LID statute "means the holder of the legal title, as distinguished from mortgagees, and was not

intended to include a mere lienholder." This was found to be so because a mortgagee has a lien only to secure the payment of a debt, and the LID improvements enhanced the value of the property, which in turn increased the value of the lienholder's security. . . . We conclude a security interest in a leasehold estate does not make [the mortgagee] "owners of the property" so as to support its objection to the LID assessment.

39 Wash. App. at 405-06, 693 P.2d at 174.

Mortgagees have also failed to acquire owner status for the purpose of requiring actual notice of tax sale. In *First Savings & Loan Assn. v. Furnish*, 174 Ind. App. 265, 367 N.E.2d 596 (1977), the Court of Appeals of Indiana held, inter alia, that due process did not require that a mortgagee be given actual notice, rather than constructive notice, of a tax sale—unless the mortgagee is in possession of the property. The court commented that

[i]t is understandable why actual notice has not been extended to mortgagees. Most mortgagees are in the business of lending money, and as professional money lenders prudence requires them to be aware of conditions involving their collateral. Normally they can be expected to protect their interests by keeping records of the mortgagor's discharge of his obligations, such as payments of taxes, insurance, principal and interest installments.

174 Ind. App. at 274, 367 N.E.2d at 601.

The weight of case law indicates that a mortgagee does not meet the requirement of ownership of affected property necessary to challenge a special assessment as invalid. We are not inclined to move from that position, and we hold that for the purpose of collaterally attacking a special assessment, it must be done by a property owner, the holder of the legal title to the real estate, as distinguished from mortgagees or other lienholders. This mortgagee accepted the mortgage with constructive notice that the city's assessment had been imposed and recorded. At no point has the record owner voiced an objection to the assessment.

We find that appellee Schneider, personal representative of

the estate of Joseph L. Conroy, as holder of the mortgage on the subject property, does not have standing to challenge appellant City of McCook's special assessment, and we need not reach the city's other assignments of error. The district court improperly held that appellee Schneider had standing to collaterally attack the special assessment.

In an appeal of an equity action, an appellate court tries the case as to factual issues de novo on the record and reaches a conclusion independent of the findings of the trial court. *Dowd v. Board of Equal.*, 240 Neb. 437, 482 N.W.2d 583 (1992); *Hartford v. Womens Services, P.C.*, 239 Neb. 540, 477 N.W.2d 161 (1991).

We hold that a mortgagee of a property against which a special assessment has been levied has no standing to collaterally attack that assessment. Accordingly, the lien of the City of McCook is a valid lien in the amount of $24,534.35 as of June 26, 1990, together with interest from that date, in which amount judgment is directed to be entered including costs of the action, subject only to the priority of the lien of the County of Red Willow, and the remaining liens described in the decree of the district court follow the lien of the City of McCook in the order of priority previously determined.

The judgment is vacated and the cause remanded to the district court with directions to enter a decree consistent with these findings.

JUDGMENT VACATED, AND CAUSE
REMANDED WITH DIRECTIONS.